## RADCLIFF vs. VAN BENTHUYSEN.

Where Defendant served plea within twenty days, by depositing it in the post-office, and paying postage, &c., according to the rule, and it was not received by Plaintiff's attorney, until *eight days* after it was so served, and a default, &c., had been entered; *held,* that the service was regular, and the default, &c., set aside, costs of motion to abide event. (See 1 Howard, 152.)

*September Special Term,* 1847. *Dutchess county.—Motion to set aside default, and to change the venue from Dutchess to Essex.*—The declaration was served on the 16th of June. On the 5th of July, the Defendant's attorney served a plea, by depositing it in the post-office at Elizabethtown, Essex county, directed to the Plaintiff's attorney at Redhook, Dutchess county. The plea did not reach the Plaintiff's attorney until the 13th, and prior to that time the Defendant's default had been entered, and judgment perfected. He therefore immediately returned the plea by mail to Defendant's attorney, informing him that it had arrived too late. There

was no mark upon the envelope enclosing the plea, from which he could ascertain when it was mailed.

KELLOGG & HALE, *Defts Attys.*

L. MASON, *Defts Counsel.*

J. W. ELSEFFER, *Atty and Counsel for Plff.*

BARCULO, Justice.—The default and all subsequent proceedings must be set aside. The plea having been duly enveloped and deposited in the post-office, and postage paid within twenty days, was properly served. (1.Howard, 152.)

A rule must be entered setting aside default, &c., and allowing twenty days time to Defendant to plead. The venue must also be changed from Dutchess to Essex county. The costs of motion to abide the event.