BRUSTMAN, Appellant, vs. DUNN and wife, Respondents.

*September 15—October 5, 1915.*

*Vendor and purchaser of land: Fraudulent representation: Statement of fact or opinion? Waiver of fraud: Estoppel: Foreclosure of mortgages: Costs: Discretion.*

1. The fact that an alleged fraudulent representation was in the form of an expression of opinion is not always conclusive; and when there is doubt as to whether it is made as a mere expression of opinion or a statement of fact the question must be determined by the court or jury.
2. Representations by the vendor of a farm that the pasturage was sufficient for twenty-five head of cattle, that the hay land grew

hay sufficient to enable twenty-five head of cattle to be kept, and that there was a cranberry marsh on the land producing ten to twelve bushels of cranberries each year, were, on the evidence in this case, properly *held* statements of fact.

3. Mere requests by the makers, refused by the payee, for an extension of time on notes, where the makers did not intend thereby to waive their claim for fraud in respect to lands for the price of which the notes were given, and where the payee did not understand there was any waiver, did not amount to a waiver or estop the makers from insisting upon their cause of action for fraud.

4. In an action to foreclose a mortgage, wherein a counterclaim on the ground of fraud in the sale of the land to the mortgagor was allowed, the denial of costs to the plaintiff, including the stipulated attorney's fee, is *held* not to have been an abuse of discretion.

APPEAL from a judgment of the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action grew out of an exchange of properties. The plaintiff conveyed to the defendants a farm and some personal property thereon and received in exchange property in the village of Montello valued at $1,200. In the trade the farm was valued at $3,300 and the personal property at $725. The defendants paid $25 on the personal property and gave a chattel mortgage for the balance, $700; also assumed a mortgage of $1,100 on the farm conveyed, and also gave a mortgage on it for $1,000 to secure the balance due under the agreement.

Action was brought by the plaintiff to foreclose the $1,000 real-estate mortgage. Defendants set up a counterclaim based upon alleged fraud. The court below found as follows:

"(1) That the plaintiff is the owner and holder of a certain note and mortgage in terms as in the complaint alleged, and that at the time of trial there was due and owing on said note by the terms thereof, disregarding the counterclaim of the defendant, the sum of $1,059.80; that a *lis pendens* in due form was duly filed in the office of the register of deeds

of Marquette county more than twenty days prior to the time of trial; and that the premises mortgaged consist of a farm and are used as such, and that it would be to the best interest of all the parties to sell them as a whole in case of sale pursuant to judgment of foreclosure.

"(2) That said note was given as part consideration for an exchange of properties between the parties. That in said exchange a dwelling house of the defendants of the value of $1,000 was conveyed by defendants to plaintiff, and passed in the deal at an agreed consideration of $1,200. That in said deal the mortgaged premises were conveyed to the defendant *Thomas L. Dunn* by the plaintiff, and were passed to him at an agreed consideration of $3,300, and that the same were worth not to exceed $2,400.

"(3) That to induce said trade the plaintiff, knowing the representations and each of them to be false, represented to the defendant *Dunn,* in substance, that the pasture on said farm grew pasturage sufficient for twenty-five head of cattle; that the marsh hay land on the farm grew hay sufficient to enable twenty-five head of cattle to be kept on the farm, with the other produce thereof; that the hay marsh was a dry marsh and could be cut with a mower without using 'clogs' on the horses; and that there was a cranberry marsh on the land that was producing ten to twelve bushels of cranberries each year; whereas said pasture and hay land were capable of growing feed for not to exceed twelve head of cattle and there was not part of the marsh on said premises producing cranberries.

"(4) That at the time the said representations were first made, and from thence until after the deal was consummated, the said hay and pasture lands were covered with water from the rains and melting snows of spring and it was not possible to go over the same or make examination of the surface or vegetation thereof. That the defendant *Dunn* went over the upland of said farm and examined the same, and had full opportunity to judge as to the nature of the soil thereof. But as to the lowlands the defendant had no such opportunity on account of their being flooded as aforesaid.

"(5) That the said representations as to said pasture and hay and cranberry land were not made as mere expressions of opinion, but were made as statements of fact, with the in--

tention that they be relied on as such. That the defendants' believed the said representations and relied thereon and were induced thereby to make said trade and did not learn of their falsity until some time after they had moved onto said farm.

"(6) That had said representations been true the said farm would have been worth the full amount that it passed at, viz. $3,300, and that by the said fraud of the plaintiff in making said representations the defendant *Dunn* was damaged in the sum of $700.

"(7) That at the time the said exchange was made the defendant *Dunn* purchased of the plaintiff the stock and personal property thereon for the sum of $725, $25 of which was paid at the time and the remainder thereof was to be paid some time later. That on the $700 coming due the defendant asked for further time in which to pay it, but the plaintiff did not agree to grant nor did he grant any extension of time. That subsequently the defendant *Dunn* paid said note. That by asking further time and by paying said note as aforesaid, or either thereof, the defendant did not intend to waive his claim for fraud in respect to said land or his damages sustained in that respect, nor did the plaintiff understand that the defendant intended thereby to waive such claim or damages.

"(8) That the plaintiff demanded payment of said $1,000 note when the same became due and the defendant asked for an extension of time for one year thereon, which request plaintiff refused; and the defendant also offered to give further security for the payment of said note if extension was granted as requested; and the defendant also requested the holder of the first mortgage on said land to loan him money with which to pay said note. But the defendant did not intend thereby to waive his claim for damages for said fraud, nor did he understand that by such requests and offers he was waiving such claim.

"(9) That at this date, December 3, 1914, there is due on the note in suit, after allowing credit thereon for the amount of the failure of consideration caused by fraud found, the sum of $317.35."

The court concluded: (1) "That the defendant *Dunn* did not affirm his original promise to pay said note or waive his

action for fraudulent representations and is entitled to have the sum of $700, his damages as found, applied on said note as part payment thereof as of the date thereof, and the plaintiff is entitled to recover of the defendant *Dunn,* and to have foreclosure of his said mortgage to enforce such payment of the amount due after such credit. (2) That neither side should recover costs of the other. Let judgment be entered accordingly."

Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Metzler & Metzler,* attorneys, and *Grady, Farnsworth & Kenney,* of counsel, and oral argument by *Walter Farnsworth.*

For the respondents there was a brief by *D. W. McNamara,* and oral argument by *Mr. McNamara* and *Mr. N. L. Baker.*

KERWIN, J.    The real controversy here under the assignment of errors is that the findings are not supported by the evidence and that the court erred in denying costs, including attorney's fees stipulated in the mortgage. The learned trial judge in a written decision held that the allegations of the counterclaim were well supported by the evidence, and from a careful examination of the record we are convinced that such conclusions are correct.

Contention is made by counsel for appellant that the representations were mere matter of opinion. The court below held, and we think correctly, that they were statements of fact fraudulently made with intent to deceive, which were relied upon by the defendants.

This court held in *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231, that the fact that a statement takes the form of an expression of opinion is not always conclusive. When there is doubt as to whether it is made as mere expression of opinion or a statement of fact the question must be determined by the court or jury.

It is contended by counsel for appellant that because the defendants asked extension of time of payment of the notes, which extensions were refused, the defendants waived the fraud, and that such requests and subsequent payment of the $700 note amounted to a waiver. The court below held that such acts on the part of the defendants did not amount to a waiver and that there was no intention on the part of defendants to waive their claim for damages on account of the fraud, nor did it estop the defendants from insisting upon their cause of action for fraud.

It is clear from the evidence that the findings to the effect that there was no intention to waive the fraud are well supported, and it is also clear upon the established facts and the law that the mere requests to extend time on the notes which were refused did not amount to an estoppel or waiver of the cause of action for fraud. *Jacobsen v. Whitely,* 138 Wis. 434, 120 N. W. 285.

Claim is also made by appellant that he should have been allowed costs including the stipulated solicitor's fee. The question of costs was within the discretion of the court and there was no abuse of discretion in denying costs. *Spengler v. Hahn,* 95 Wis. 472, 70 N. W. 466.

*By the Court.*—Judgment affirmed.