PLANTIKOW, Respondent, vs. WOLK, Appellant.

*April 9—May 11, 1926.*

*Fraud: False representations of solvency of third person: Reliance on statements.*

1. Ordinarily, false representations as to the financial responsibility of third parties, if relied on by the other party to his damage, where no opportunity is afforded for individual inspection or inquiry, raise a jury issue. p. 222.

2. Defendant, in payment of the purchase price of property, offered a sum of money and certain promissory notes of a third person who was indebted to him, and although defendant refused to indorse the notes he took plaintiff, the seller, to the debtor's farm and introduced them. *Held,* that the plaintiff was bound to make inquiry as to the property and ability of the debtor to pay the notes, and was not entitled to rely on the defendant's representations as to the debtor's financial responsibility. p. 222.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Reversed.*

The appeal is from a judgment in favor of the plaintiff for the sum of $502.41 damages and costs.

*E. C. Smith* of Appleton, for the appellant.

For the respondent there was a brief by *Morgan & Johns* of Appleton, and oral argument by *John Morgan.*

DOERFLER, J.    One Diederich, a farmer living in the town of Oneida, together with his wife, Elgitha, were indebted to the defendant on a balance due on a note in the sum of $400.    The plaintiff, the owner of a farm and of certain live stock and horses, desiring to remove to a city, sold his property, both real and personal, with the exception of a team of horses.    Thereupon negotiations were conducted by the plaintiff with the defendant with the view of inducing the defendant to purchase said team of horses. The amount of the purchase price was agreed upon, but the defendant insisted that he would pay in cash only the sum of $85, and that for the balance, viz. the sum of $400, it would be necessary for the plaintiff to accept in payment the notes of said Diederichs.    While the defendant at that time held a note from said Diederichs in the sum of $400, he refused to either deliver said note to the plaintiff in part payment or to indorse the same.

Plaintiff testified that the defendant represented to him that the Diederichs were perfectly good; that they were the owners of a farm of 140 acres which was incumbered by a mortgage in the amount of $8,000, and that they were financially able to pay said note.    Plaintiff at that time was unacquainted with the Diederichs, so the defendant drove the plaintiff in his automobile to the Diederich farm, where an introduction ensued.    It was then agreed that the Diederichs would execute two notes to the plaintiff, each in the sum of $200, payable respectively one and two years after date, and Mr. Diederich at that time made the statement that he would pay these notes.    The notes were thereupon drafted by the defendant, executed by the Diederichs, and were delivered to and accepted by the plaintiff, and the Diederichs were released from the liability on their indebted-

ness to the defendant. Plaintiff made no inquiry from the Diederichs as to their financial condition or as to the size or value of their farm, or the amount, nature, and value of the personal property, or as to any incumbrances either upon the real estate or upon the personal property.

. When the first note became due it was presented for payment, but nothing was paid thereon. Subsequent repeated demands were ineffectual, and Diederich finally notified the plaintiff that he was unable to pay the note or any part thereof. Plaintiff thereupon engaged counsel to investigate the financial responsibility of the Diederichs, and upon such investigation it was disclosed that the Diederich farm consisted of 229 acres of land, with certain buildings thereon, incumbered by three mortgages aggregating $15,500, and that upon the first mortgage of $14,000 a judgment of foreclosure had been entered. The record also disclosed that the personal property on the farm was mortgaged to the extent of about $4,000, and that such mortgages appeared of record unsatisfied at the time of the trial, although the plaintiff testified that, with the exception of about $100 still owing, these chattel mortgages had been paid. Thereupon the plaintiff brought this action to recover from the defendant damages in the sum of $400, being the amount represented by the two notes of the Diederichs which he claimed were worthless, and he also tendered these notes into court.

The case was submitted to the jury on a special verdict, and the jury found: (1) that the defendant made material representations as to the financial responsibility of the Diederichs at the time the notes in question were given; (2) that the plaintiff relied upon the statements made by the defendant; (3) that the statements made by the defendant were untrue when made; (4) that under the facts and circumstances in the case the plaintiff was justified in relying upon the statements made by the defendant;

(5) that the plaintiff suffered damages in the sum of $400. After verdict the defendant moved to set aside the answers of the jury to the first four questions of the special verdict, and that such answers, respectively, be changed from "Yes" to "No," and that judgment be entered in defendant's favor dismissing plaintiff's complaint, which motions were denied by the court, whereupon judgment was entered in plaintiff's favor, from which judgment the defendant has prosecuted this appeal.

The answer of the jury to the fourth question, in which it was found that the plaintiff was justified, under the facts and circumstances in the case, in relying upon the statements made by the defendant, constitutes the vital question for consideration on this appeal. Before the contract of sale was consummated the defendant distinctly informed the plaintiff that he would pay in cash only the sum of $85; that for the balance of the consideration, viz. the sum of $400, it would be necessary for the plaintiff to accept the notes of the Diederichs. The defendant further notified the plaintiff that he would not indorse to him the note upon which a balance of principal of $400 was due. When the two notes in question were delivered to the plaintiff, the defendant executed his release to the Diederichs for their indebtedness to him on the note on which $400 was still due and owing.

Notwithstanding the representations made by the defendant as to the financial responsibility of the Diederichs, there was brought home to the plaintiff ample knowledge to raise a doubt in the mind of an ordinarily prudent person, under the same or similar circumstances, as to the truth of the representations so made. In other words, an ordinarily prudent person under such circumstances would, if opportunity were afforded him, make inquiry as to the truth of such representations. The plaintiff was a farmer with many years of experience in that business. The parties

dealt with each other at arm's length. No fiduciary relationship existed between them. No effort whatever was made by the defendant to mislead the plaintiff or to thwart an inquiry. On the contrary, the defendant himself drove the plaintiff to the farm of the Diederichs before the deal was consummated, and there every opportunity was afforded the plaintiff to inquire for himself as to the financial condition of the debtors whom he had agreed to accept in place of the defendant. When the parties arrived at the Diederich farm no examination was made of the land; no inquiry was made as to its value, or as to the acreage, nor as to its productiveness, nor as to the incumbrances thereon, or the ability of the Diederichs to pay. The plaintiff merely blindly accepted the notes of the Diederichs, and permitted a cancellation of their obligation to the defendant.

It is true that, ordinarily, false representations such as were made by the defendant, if relied upon by the other party to his damage, where no opportunity is afforded for an individual inspection or inquiry, raise a jury issue; but the facts in the instant case bring it within a well-known and recognized exception. If an exception is to be recognized in any case, the instant case comes under such exception. There is no claim that the defendant and the Diederichs conspired in order to induce the plaintiff to accept the obligation of the latter.

Under these circumstances, we conclude that the motion of defendant's counsel to change the answer of the jury to the fourth question of the special verdict from "Yes" to "No" should have been granted, and that judgment dismissing plaintiff's complaint should have been entered. *Farmers' Co-operative P. Co. v. Boyd,* 175 Wis. 544, 185 N. W. 234, and cases there cited; 12 Ruling Case Law, 361.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to dismiss plaintiff's complaint with costs.