PRIME MANUFACTURING COMPANY, Plaintiff, vs. ALLEN-HOUGH CARRYOLA COMPANY, Defendant. [Cross-appeals.]

*September 12, 1932—January 10, 1933.*

74

76

For the plaintiff there were briefs by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the defendant there were briefs by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Irving A. Puchner* and *Joseph E. Tierney.*

The following opinion was filed November 9, 1932:

FAIRCHILD, J. The learned trial judge in his comprehensive opinion says:

"As to the answers made by the jury respecting the representations that the junior motors were capable of playing two ten-inch records and that the master motors were capable of playing three ten-inch records without rewinding, the court is of the opinion that it appears without contra-

diction that the defendant had sufficient opportunity to test the capacity of said motors and could easily have discovered any failure of the motors to play the number of records respectively indicated. It appears also beyond dispute that assuming the motors were free from defect in workmanship and material and were properly adjusted (a matter which was covered by an express warranty), the motors were capable of playing the number of ten-inch records indicated without rewinding."

When the opportunity which defendant had of familiarizing itself with the condition of the business and the market of the Carryola Company is given proper consideration, there can be no doubt of the correctness of the ruling of the trial court on the motions to change the answers to the questions relating to the timely rescission of the contract, as to questions covering the issues of false representations as to capacity of the motors, and the record discloses no jury question as to the issue relating to the existence of a patent incumbering the motors.

A study of the material evidence offered and received convinces us that the characteristics that color and distinguish the surroundings of the transaction affecting the right of defendant to rely on the representations now excluded from consideration are present to as great a degree and affect in the same way the complaint of the defendant based upon representation as to satisfaction of the customers with motors on which the trial court based its rule for a partial retrial of the case. Did the defendant have the right to rely on any statement of Mr. Wild that the motors were satisfactory to the customers? The plaintiff insists that if the statements were made they were, under the circumstances, mere expressions of opinion, trade talk or puffing, and therefore not the basis of a claim such as is made by the defendant, who claims that there was a jury question as to the buyer's right to rely upon the truth of the state-

ment. The phrases used do suggest trade talk and opinion as distinguished from a fact statement; but as the defendant contends, whether or not an opinion so expressed may be relied upon is, under some circumstances, a jury question.

Another question which will direct our attention to the controlling point may be stated: Did the seller in this instance have superior means of knowledge as to the truth of the representation concerning the satisfaction of the customers to that which the defendant had and was bound to resort to, or was the source of information peculiarly within the control of the plaintiff? The statement complained of, if used during the negotiations, was made to Mr. Allen or Mr. Hough, whose relation to plaintiff appears in the statement of facts to have been a close relation. Mr. Allen, a former employee and vice-president of the plaintiff at the time, was a moving spirit in the affairs of the defendant.

In determining the effect of such an expression of opinion or statement of fact on the mind of one to whom it is made, his connection with the affairs of those with whom he is bargaining affording him knowledge of the truth or falsity of such statement, is a proper source of investigation to be resorted to for the purpose of ascertaining whether or not there was a misleading in fact because of a right to rely on the statement.

In *Brustman v. Dunn,* 161 Wis. 306, 154 N. W. 361, cited in the opinion filed below, representations were made as to lands covered with water from the time such representations were made until after the deal was consummated, leaving the purchaser without opportunity to discover the falsity of such representations. The case of *Jacobsen v. Whitely,* 138 Wis. 434, 120 N. W. 285, dealt with the purchase of a large stock of merchandise and the representation was as to the amount of the total assets. After the sale, which occurred without reasonable opportunity to ascertain

the truth, a deficiency was discovered and suit was brought to recover damages for the deceit. The evidence showed an inability on the part of the purchaser to discover the exaggeration until after the trade had been made. The court held that a jury question existed as to the right to rely on the statements so made. *Barndt v. Frederick,* 78 Wis. 1, 47 N. W. 6, is of similar import. All these cases are authority for the doctrine that, in bargaining with another, one must exercise his faculties; he cannot close his eyes to the apparent and understood, or overlook information acquired by him so recently and under such circumstances as to be fresh in his recollection. He must use his judgment of matters known to him and within his capacity to judge. Experience and knowledge possessed by him must be used in ascertaining facts and forming opinions upon the character and value of property for which he is bargaining. The essential elements required to sustain an action for deceit on the ground of representations made as to character of property bought do not exist where the situation is such that a buyer is familiar with the character of the particular property so purchased. Where his association with the seller of the enterprise he is buying has been such that he is in as good or better position to know the exact situation as is the seller, he cannot plead that he has been misled. The law is pointedly set out in the rule that the misrepresentation must not only be as to something material, but the complainant must believe the false statement to be true, must have relied on it, and must have been deceived by it.

The facts in this case are such that the defendant is chargeable with the knowledge possessed by Allen and Hough. The evidence shows that Allen was engaged for some time in developing plaintiff's phonograph business, the very business which he afterwards purchased. The motors

had got on the market, had been used quite extensively, and this under the sales management of Allen. Hough acted as salesman of these articles for the plaintiff during a similar period. Both Allen and Hough knew the position Mr. Wild held with the plaintiff, knew that his attention was confined in the main to other branches of the plaintiff's business. Allen was sales manager when the subsidiary company was developing the phonograph business from 1925 until he left plaintiff's employ in April, 1927, was with plaintiff when the motors were first used in the phonographs, nor did this relation end in April, 1927; for under an arrangement made about that time, the defendant company secured from the plaintiff the exclusive selling rights of the Carryola Company's portable phonographs and for a time this constituted about ninety per cent. of defendant's business. During this time defendant was necessarily familiar with the market which consumed these articles. Thereafter the defendant entered into active competition with plaintiff, and defendant's agents called on persons known to be buyers of portable phonographs, kept informed of the kind of goods plaintiffs and others were putting on the market, and called on many of plaintiff's customers. The technique of competitive selling seems to have been possessed in a high degree by both Allen and Hough; and their acquaintance with the concerns that made the market for this product afforded them an opportunity not only of knowing the reaction of the trade to the Prime motors, but must necessarily have given them a knowledge of the quality thereof. About September, 1928, while Allen and Hough were active in the selling of portable phonographs, there was suggested to the defendant the purchase of the assets of the subsidiary company which was manufacturing and selling the portable phonographs of the plaintiff. The defendant was given an option to purchase. This option lapsed, other arrangements were made, and finally the contract of February 5, 1929, was entered into. A dispute having arisen as to how

many motors should be included in the inventory, discussions followed; and again there appears to have been made the statement that the motors were satisfactory to customers of the plaintiff. There was a compromise by a reduction in price, and the final bill of sale and orders involved in this litigation were agreed upon.

Testimony concerning the different conversations in which the statement that the motors were satisfactory to customers was made, shows clearly the situation which we have attempted to describe. It must be borne in mind that the contract which was finally entered into between the parties warranted the motors to be free from defects in material and workmanship, and there is nothing in the case which suggests a violation of this warranty other than the evidence which gathers around the alleged misrepresentations. If the motors would not carry the specified number of records, without rewinding, they were advertised to do, and the defendants knew or ought to have known that that condition existed, then they knew or ought to have known that these motors would not be satisfactory to customers who bought them expecting them to perform to that capacity, and there would be no jury question. In *Swoboda v. Rubin,* 169 Wis. 162, 170 N. W. 955, Mr. Justice OWEN very clearly pointed out circumstances under which expressions of opinion may and may not be relied on as statements of fact. He there says:

"In the absence of an express intent to defraud, the determination of whether or not certain representations are statements of fact or of opinion depends upon whether or not the person to whom the representations are made may, under all the facts and circumstances of the case, including such person's capacity or want of capacity, rely upon them. Where the person to whom they are made may rely upon them they are held to be statements of fact. Where the person to whom they are made may not rely upon them without being guilty of a want of ordinary care and prudence, they are denominated opinions."

Because the defendant knew or ought to have known of the capacity of the motors, it could not be misled by a statement that the motors were satisfactory to customers if such customers expected them to perform to capacity.

The defendant's representatives, because of their intimate connection with the product and customers of the plaintiff and their familiarity with the business in general, brought to the defendant understanding and knowledge which precluded them from relying on the statement made. If the representations were not made as alleged, no defense exists to the plaintiff's complaint. If they were made, and made to a buyer whose information and understanding was such that it cannot be permitted to rely thereon, the same result occurs. As this is controlling, it requires the affirmance of the order of the trial court in those particulars in which he held that the defendant knew or should have known the true facts and therefore could not rely upon the alleged representations, and requires the reversal of that part of his order wherein a new trial is granted on the issue of damages resulting from the statement that the motors were satisfactory to customers. There are other errors assigned, but it is unnecessary to treat them because of the conclusion reached.

*By the Court.*—Order of the circuit court affirmed so far as it changed answers to questions relating to representations as to capacity of motors; reversed as to granting a new trial. Cause remanded with directions to change the answers to the questions relating to representations as to satisfaction of plaintiff's customers with motors, and to grant judgment in plaintiff's favor.

FRITZ, J., dissents.

A motion for a rehearing was denied, with $25 costs, on January 10, 1933.