RICE, Plaintiff and Appellant, v. GRUETZMACHER and others, Defendants: MARYLAND CASUALTY COMPANY, Defendant and Respondent.

*February 3—March 1, 1966.*

224

For the appellant there was a brief and oral argument by *Walter J. Steininger,* attorney, and *Thomas P. Maroney* of counsel, both of Milwaukee.

For the respondent there was a brief by *Moore, Moore & Crivello* of Milwaukee, and oral argument by *Frank T. Crivello.*

GORDON, J. Because of the peculiar factual scenery, Maryland Casualty Company was called upon to perform in a chameleonic capacity; this is because it was both the workmen's compensation carrier and also the liability insurer of Mr. Rice's employer, Hennes Trucking Company.

Mr. Rice, the plaintiff, has objected to having the Maryland Casualty Company share in the proceeds which were derived from the settlement of Mr. Rice's third-party action. His position is that it is inequitable for the workmen's compensation carrier, Maryland Casualty Company, to share in the proceeds after it had thrown mountainous roadblocks in Mr. Rice's path. The appellant contends that his claim was really worth $75,000 but that he was obliged to settle for the far lesser figure of $17,000 because of the several defenses which were made known by Maryland Casualty Company to the other defendants.

The alleged inequity would seem greater if the record established that Maryland Casualty Company utilized confidential or privileged data that had come into its possession in its capacity as the workmen's compensation carrier. However, the record does not support the appellant's charge that Maryland Casualty Company disclosed

defensive techniques which it had learned only by reason of its status as the workmen's compensation carrier.

An even more serious flaw in the appellant's position arises when one reads the relevant Wisconsin statutes. The directness of the legislative pronouncements in the case at bar brings to mind the comment of Mr. Justice HOLMES in *United States v. Wurzbach* (1930), 280 U. S. 396, 398, 50 Sup. Ct. 167, 74 L. Ed. 508:

". . . there is no warrant for seeking refined arguments to show that the statute does not mean what it says."

After reciting the manner in which the proceeds of a third-party action are to be divided, sec. 102.29, Stats., asserts the following in sub. (4):

"If the insurance carrier of the employer and of the third party shall be the same, or if there is common control of the insurer of each, the insurance carrier of the employer shall promptly notify the parties in interest and the industrial commission of that fact; likewise, if the employer has assumed the liability of the third party he shall give similar notice; and, in default of such notice, any settlement with an injured employe or beneficiary shall be void. *Nothing contained in this subsection shall prevent the employer or compensation insurer from sharing in the proceeds of any third party claim or action, as set forth in subsection (1)."* (Emphasis added.)

It is thus clear that the legislature affirmatively recognized that an insurer might have a dual capacity; nevertheless, the statute provides that this fact will not bar such an insurer from enjoying a share of the proceeds. In *Huck v. Chicago, St. P., M. & O. R. Co.* (1961), 14 Wis. (2d) 445, 450, 111 N. W. (2d) 434, sec. 102.29 (4), Stats., was before this court, and it was said:

"Sec. 102.29 (4), Stats., indicates that the legislature had in mind the possibility that the insurance carrier of the employer and of the third party might be the same, or that the employer might have assumed the liability

of the third party. It merely requires notice to be given in such event and provides further: 'Nothing contained in this subsection shall prevent the employer or compensation insurer from sharing in the proceeds of any third-party claim or action, as set forth in subsection (1).'"

Once we determine that Maryland Casualty Company was by statute entitled to share in the proceeds, we must consider whether equitable considerations permit the court to strike out or reduce the amount of such share. An answer is given in the *Huck Case,* where, at page 449, the court said:

"We assume that in many situations, persuasive arguments could be advanced that a particular division would be more just and equitable than that decreed by the legislature. Nevertheless, the formula does channel a portion of the net proceeds after costs of collection to each of the interested parties, and the legislature evidently considered it better policy to divide the funds by the formula it devised than to commit the matter to the discretion of court or commission."

While the litigants can by a consensual stipulation provide for a division of the proceeds different from that directed by the statute, the mandate of the statute is fully controlling in the absence of such a stipulation. *Huck v. Chicago, St. P., M. & O. R. Co., supra,* at page 450. See *Pagel v. Kees* (1964), 23 Wis. (2d) 462, 127 N. W. (2d) 816.

Thus, it would be possible for an insurer to estop itself from recovery of its statutory share by entering into an agreement or by giving a release. This was not done by the Maryland Casualty Company in the case at bar.

The burden of establishing that the Maryland Casualty Company has estopped itself from enjoying its statutory recovery rests on Mr. Rice, since he is the one who asserts such estoppel. *Wisconsin Telephone Co. v. Lehmann* (1957), 274 Wis. 331, 336, 80 N. W. (2d) 267; *Estate*

*of Smith* (1938), 226 Wis. 556, 561, 277 N. W. 141; *Delaney v. Canning* (1881), 52 Wis. 266, 267, 8 N. W. 897. The proof of estoppel must be clear, satisfactory and convincing, and not rest upon mere inference. *Eckstein v. Northwestern Mut. Life Ins. Co.* (1937), 226 Wis. 60, 70, 275 N. W. 916.

Mr. Rice relies heavily on *Arendas v. Rich & Co.* (D. C. Pa. 1963), 220 Fed. Supp. 957, 958, but we observe that the Pennsylvania statute (Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, sec. 319, as amended 77 P. S. sec. 671) does not specifically state that a carrier in a dual capacity is nevertheless entitled to share in the proceeds. In this respect, the statute is significantly different from the Wisconsin legislative pronouncements. The Pennsylvania statute gives a right of subrogation to the workmen's compensation carrier, while the Wisconsin statute gives such carrier a statutory right and a fixed formula for a monetary recovery.

*By the Court.*—Order affirmed.