MITCHELL, Plaintiff, v. WESTERN CASUALTY & SURETY COMPANY, Defendant and Appellant: AMERICAN FAMILY INSURANCE COMPANY, Defendant and Respondent.

*February 28—April 12, 1966.*

For the appellant there was a brief by *Morrow & Garvey* of Eau Claire, and oral argument by *Frank L. Morrow.*

For the respondent there was a brief by *Johns, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

HALLOWS, J. Since the trial court tried the case without a jury, its findings will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence and it is not necessary the evidence in support of the findings constitutes the great weight or clear preponderance of the evidence. Nor is it sufficient that there is evidence to support a contrary finding. To command a reversal, such evidence although sufficient to support a verdict must constitute the great weight and the clear preponderance of the evidence. *Druml Co. v. Capitol Machinery Sales & Service Co.* (1965), 29 Wis. (2d) 95, 138 N. W. (2d) 144; *Columbia Stamping & Mfg. Co. v. Reich* (1965), 28 Wis. (2d) 297, 137 N. W. (2d) 45; *Estate of Perssion* (1963), 20 Wis. (2d) 537, 123 N. W. (2d) 465; *State ex rel. Isham v. Mullally* (1961), 15 Wis. (2d) 249, 112 N. W. (2d) 701.

Consequently, on this appeal we must look at the evidence on each side and weigh it and evaluate the probabilities to determine whether the findings made are against the great weight and the clear preponderance of all the evidence. These rules are of such ancient origin and through acceptance at every term of court they have attained the status of canons of judicial review.

As would be expected, the evidence is in conflict. The representative of American and the representative of Western testified to diametrically opposite understandings of what was the agreement of September 6, 1963. On that day the attorneys for the three insurers and Mr. Gleiss, attorney for the plaintiff, met in Mr. Gleiss' office at Sparta for the purpose of settling plaintiff's claim. American's representative Mr. Sharratt testified that after the amount to be paid the plaintiff was agreed upon the question of contribution came up and it was agreed that American would pay 50 percent as its full share. There was a discussion mostly between the representatives of Hardware and Western concerning an engineer's report which placed the Hardware car farther over the center line of the highway before the accident than Hardware would admit. American acknowledges that Western was dissatisfied with the percentage of settlement but understood that the disagreement was entirely with Hardware and not with American.

This view of the agreement is directly the opposite of the testimony of Mr. Linderman who represented Western. He testified the agreement was to settle with the plaintiff and to reserve the ultimate question of the amount of the respective shares of the three insurers until American and Hardware had an opportunity to see the engineer's report. Mr. Gleiss testified it was his understanding the agreement was that the companies would pay on the basis they did and Hardware and Western would adjust their percentages if they could agree after Hardware saw the engineer's report which Western was going to submit to Hardware. It is argued this testimony is not very probative because Mr. Gleiss was not present during all of the time the three insurance representatives were discussing the settlement. However, there is no direct testimony by anyone that the three insurers made any agreement relating to contribution when Mr. Gleiss was not present. The testi-

mony of Mr. Arneson, representing Hardware, partly supports American's view and partly Hardware's view and is not very conclusive either way. Nowhere in the record is there direct testimony of what these lawyers specifically said during the conference. The testimony consists principally of what each understood they had agreed to.

The probabilities arising from other facts support the court's findings. The engineer's report concerned only Hardware's car in relationship to the center line of the highway. This had no bearing on the liability of American whose insured created the condition in which the other two cars found themselves because of the spilling of the bales of hay on the public highway. The liability for creating this static condition would be the same in respect to the two other automobiles regardless of the position on the highway of the Hardware car. The engineer's report was submitted to Hardware but was not forwarded to American. An inference can be drawn from this fact that American was not concerned with what the report showed. Western argues that it reserved its right in respect to contribution and had the petition for the approval of the settlement and the order amended to include such reservation. The amended order affirming the settlement is far from conclusive evidence because the amendment was demanded by Western at a time there was a dispute as to the agreement.

While the trial court might, as the trier of the facts, make the findings with credible evidence to support them as contended for by Western, we cannot conclude the findings the court did make were against the great weight and clear preponderance of the evidence, and consequently such findings must be affirmed.

*By the Court.*—Judgment affirmed.

BEILFUSS, J., took no part.