EBERLE, Appellant, v. JOINT SCHOOL DISTRICT No. 1 OF TOWN OF ITHACA, Etc., Respondent.

*January 4—January 30, 1968.*

652

For the appellant there was a brief by *Hill, Miller & Quale,* and oral argument by *Forrest D. Hartmann,* all of Baraboo.

For the respondent there was a brief by *Kramer, Nelson & Azim* of Fennimore, and oral argument by *John N. Kramer.*

CONNOR T. HANSEN, J.    The plaintiff contends that she withdrew her resignation before it was accepted by the defendant school board.

Since this was a case tried to the court without a jury, its findings will not be reversed on appeal unless they are contrary to the great weight and clear preponderance of the evidence. It is not necessary that the evidence in support of the findings constitutes the great weight or clear preponderance of the evidence. Nor is it sufficient that there is evidence to support a contrary finding. To command a reversal, such evidence, although sufficient to support a verdict, must constitute the great weight and the clear preponderance of the evidence. *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 421, 141 N. W. 2d 212, and cases cited therein. Also

affirmed in *Estfred Corp. v. Freeman* (1967), 36 Wis. 2d 19, 25, 26, 153 N. W. 2d 13.

There is no question but that plaintiff tendered her oral resignation to Mr. Shiroda, the school district administrator, on September 29, 1965, and acknowledged this resignation at the meeting at the Hillside School on October 1, 1965.

Since this constituted an offer to resign, unsupported by consideration, it could have been withdrawn at any time prior to its acceptance by the school board. See Restatement, 1 *Contracts*, p. 49, sec. 41; *Bratt v. Peterson* (1966), 31 Wis. 2d 447, 451, 143 N. W. 2d 538.

As to this issue the question is one of fact, that being whether plaintiff did, in effect, withdraw her offer of resignation prior to its acceptance by the school board. The plaintiff's contentions are based upon several incidents which occurred between October 1st, the day she confirmed her oral resignation to Mr. Shiroda, and October 11th, the day the school board formally accepted her resignation. The incidents concern several contacts between the plaintiff, her husband and the school district administrator. The parties dispute the content of these discussions.

The trial court found that the plaintiff had not withdrawn her resignation prior to the school board meeting on October 11, 1965. An examination of the disputed testimony leads us to conclude that the findings of the trial court are not contrary to the great weight and clear preponderance of the evidence.

The plaintiff next contends that she did not receive notice of the decision of the school board to accept her resignation until after the board had received notice from the plaintiff that she did not consider her teaching contract terminated.

The plaintiff attended the school board meeting on October 11, 1965. Mr. Shiroda testified that he had informed the board the plaintiff wished to reconsider her resignation. She was informed by the board that it had

convened to accept or reject her resignation. The plaintiff testified that she was shocked at this statement because it varied with the understanding she thought she had with Mr. Shiroda. She was at the meeting about an hour during which her teaching situation was discussed. As she was leaving the meeting one of the board members asked her whether she would return to teaching under the circumstances as they then existed, to which she replied that she would not and that even if she decided to, her husband would not let her. After she left the board voted to accept her resignation.

October 14, 1965, the attorney for the plaintiff mailed a letter, by certified mail, to the school district board informing the board that she did not consider her teaching contract terminated. This was not received by the school district administrator until about noon on October 18, 1965. The delay apparently was due to the fact that the letter had been misaddressed.

October 15th, the school district administrator sent a letter to the plaintiff advising her that the school board had accepted her resignation and enclosing a check for her termination wages. Because of rural mail handling the letter was not postmarked until October 18th.

However, on Friday, October 15, 1965, the plaintiff and Mr. Beuford Foege met by happenstance in a business establishment. During their discussion it became apparent to Mr. Foege that the plaintiff had not actually been notified that the school board had accepted her resignation. Whereupon, Mr. Foege stated, "Then this will make it official, that they decided to accept your resignation."

The foregoing undisputed testimony precludes the plaintiff from asserting that the findings of the trial court concerning her failure to receive notice of the acceptance of her resignation before she had attempted to withdraw it are against the great weight and clear preponderance of the evidence.

Finally, the plaintiff takes the position that Mr. Shiroda should have been estopped from presenting her alleged withdrawn tender of resignation and the school board should have been estopped from acting on it.

Proof of estoppel must be clear, satisfactory and convincing, and must not rest upon mere inference. *Eckstein v. Northwestern Mut. Life Ins. Co.* (1937), 226 Wis. 60, 70, 275 N. W. 916. *Rice v. Gruetzmacher* (1966), 30 Wis. 2d 222, 228, 140 N. W. 2d 238.

Since the facts, conclusions and inferences which the plaintiff utilizes to establish her case for estoppel are the same as those which did not effectively establish the withdrawal of her resignation, they do not conclusively establish clear, satisfactory and convincing evidence to establish estoppel.

*By the Court.*—Judgment affirmed.