SCHROEDEL CORPORATION, Appellant, v. STATE HIGHWAY COMMISSION, Respondent.

*February 27—April 9, 1968.*

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Roger C. Minahan, Richard P. Buellesbach,* and *Richard C. Ninneman* of counsel, all of Milwaukee, and oral argument by *Mr. Roger C. Minahan* and *Mr. Ninneman.*

For the respondent there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and

*Robert G. Polasek,* assistant corporation counsel, and oral argument by *Mr. Polasek.*

CONNOR T. HANSEN, J. This appeal presents two issues:

1. Whether the notice of appeal by certified mail under sec. 32.05(10), Stats., must be received within the statutory sixty-day appeal period.

2. Whether the trial court erred in determining that the notices of appeal by the State Highway Commission were, in fact, timely served.

It is undisputed that the sixty-day statutory appeal period expired at midnight, August 30, 1966.

1. Appellant contends that the notice of appeal must be received on or before the sixtieth day, whereas respondent contends that service of the notice of appeal is completed upon the mailing within the sixty-day appeal period. It is admitted that the notices of appeal were not received by appellant until after the expiration of the sixty-day appeal period.

Sec. 32.05 (10) (a), Stats., provides in part as follows:

"(10) APPEAL FROM COMMISSION'S AWARD TO CIRCUIT COURT. (a) Within 60 days after the date of filing of the commission's award, any party to the proceeding before the commission may appeal to the circuit court of the county wherein the property is located. Notice of such appeal shall be given to the clerk of the circuit court and to all persons other than the appellant who were parties to the proceeding before the commissioners. Notice of appeal may be given by certified mail or by personal service. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein and shall have precedence over all actions not then on trial. . . ."

*Boeck v. State Highway Comm.* (1967), 36 Wis. 2d 440, 153 N. W. 2d 610, considered the sufficiency of service of the jurisdictional offer by use of certified mail under sec. 32.05 (4), Stats.

The subsection construed in *Boeck,* sec. 32.05 (4), Stats., was specific in that it provided, "If service is by mail, service of the papers shall be deemed completed on the date of mailing and the use of mail service shall not increase the time allowed to act in answer to or in consequence of such service." Under the language of this statute it was held that service was complete on the date of mailing.

Unfortunately, the language of sec. 32.05 (10), Stats., is not as specific as that of the subsection construed in *Boeck* since it only provides that "Notice of appeal may be given by certified mail or by personal service."

However, in *Boeck, supra,* pages 445, 446, Mr. Justice BEILFUSS includes a summary of the established cases:

" 'In 42 American Jurisprudence, 48, it is said:

" ' "Service of process by mail, when authorized, is deemed complete when the writ is deposited in the post office, properly addressed and with the proper amount of postage. And it is sufficient if it is deposited in the mail on the last day allowed for service, although it is not received by the other party until after that day."

" 'See Carlson v. Stuart, 22 S. D., 560, 119 N. W., 41, in a footnote to which, as reported in 18 Ann. Cas., 285, at page 286, we find this statement:

" ' "Service by mail, properly made in compliance with statute, is complete from the time the notice or other paper to be served is deposited in the post office with the proper amount of postage, and the risk of failure of the mail is upon the party to whom the paper is addressed."

" 'The headnote to Hurley v. Olcott, 198 N. Y., 132, 91 N. E., 270, as reported in 28 L. R. A. (N. S.), 238, is:

" ' "Failure of the employer to receive the notice is immaterial where a statute providing for service of notice of injury for which the master is to be held liable states that it may be served by post, by letter addressed to the person on whom it is to be served."

" 'And, at page 239, the court says:

" ' ' "In many cases the statute provides that notice may be served by mail. Such is the provision as to service of papers on the attorneys in an action, and it has been uniformly held that the service was effective when the papers were properly mailed, regardless of their receipt by the adverse party. The risk of miscarriage is with the party to whom they are directed. Jacobs v. Hooker, 1 Barb., 71; Brown v. Briggs, 1 How. Pr., 152; Radcliff v. Van Benthuysen, 3 How. Pr., 67." ' "

Where service by mail is authorized, and in the absence of specific language to the contrary, such service of notice is completed upon the timely mailing even though not specifically stated. However, the party electing to use such mode of service must necessarily bear the burden of proving that the service was timely accomplished.

This is consistent with the notice provisions of sec. 32.05 (4), Stats., relating to the jurisdictional offer and also the provisions of sec. 269.34, Stats., entitled Service of papers; personal and by mail. The appellant urges that somehow a distinction should be drawn between "judicial" actions or proceedings and "administrative" proceedings. Such a distinction is inappropriate when the issue relates to timeliness of service by mail when permitted by statute.

The appellant further contends that the application of the well-established rule that condemnation statutes are to be strictly construed against the condemnor and in favor of the condemnee supports its position. See *Schroedel Corp. v. State Highway Comm.* (1967), *supra*, at page 45. The statutes under consideration provide that either party may appeal the award of the condemnation commission. The application of this rule to the procedural question now under consideration would establish a double standard with respect to the requirements for appeal to the circuit court. Neither the language of

the statute nor the intent thereof can be construed to produce such a result.

We conclude that the trial court correctly decided that the mailing of the notices completed the service thereof.

2. The second issue presents a more difficult question. Did the respondent commission mail the notice of appeal on or before midnight, August 30, 1966? The trial court found that the respondent had done so.

Findings of fact, by a trial court will not be set aside unless they are contrary to the great weight and clear preponderance of the evidence. *State ex rel. Kapusta v. Weir* (1960), 12 Wis. 2d 96, 99, 106 N. W. 2d 292; *State ex rel. Sowle v. Brittich* (1959), 7 Wis. 2d 353, 96 N. W. 2d 337.

Many of the essential facts are not in dispute. Three notices of appeal were mailed in separate envelopes. One was addressed to Whyte, Hirschboeck, Minahan, Harding & Harland, 2100 Marine Plaza, Milwaukee, attorneys for Schroedel Corporation. The second was addressed to Roger C. Minahan, 2100 Marine Plaza, Milwaukee, as the then secretary of Schroedel Corporation. The third was addressed to Schroedel Corporation, Mukwonago, Wisconsin.

Milwaukee county courthouse mailing procedures include the use of metered postage rather than postage stamps. The metering machine is under the control of county employees and the postage meter date is apparently easily adjustable. However, we specifically point out, as did the trial judge, that the record is barren of any evidence of manipulation of the metering device by any county employee.

The postage meter date affixed to each of the envelopes is August 30, 1966. All three envelopes were cancelled by the Milwaukee central United States post office as "AM 31 AUG 1966."

The notices addressed to Schroedel Corporation's attorneys and Mr. Minahan at the Marine Plaza were received

at 1:30 p. m. on August 31, 1966. The notice addressed to the corporation at Mukwonago was received on the morning of September 6, 1966.

The question of whether respondent served the notices of appeal by mailing them within the statutory sixty-day appeal period was submitted to the trial court solely upon affidavits and depositions, which are before this court on appeal.

Respondent's assertion of timeliness includes affidavits of secretaries in the Milwaukee County Corporation Counsel's office; one states that she addressed and sealed the envelopes and left them with another secretary on August 29, 1966; the other secretary states that she placed the envelopes in the office mail tray at 8 a. m., August 30, 1966.

This is the last time the three envelopes were knowingly seen by any person prior to their delivery.

From this point in time, proof of mailing is based upon the custom of collection and mailing procedures at the Milwaukee courthouse engaged in by various county employees. All of the evidence is an endeavor to demonstrate that under mailing procedures and customs used at the courthouse, the three envelopes were actually mailed August 30, 1966, because the metered postage affixed to the envelopes bears that date.

The United States postal service picks up mail at the courthouse four times daily, i.e., 11:10 a. m., 2:55, 4:50 and 5:35 p. m.

As opposed to the respondent's assertion of timely mailing of the notice, which is founded upon procedures and customs of the county mailing process as set forth by its employees, the appellant's contention that service of the notice of appeal was untimely is largely premised upon the processing procedure of the United States Post Office, which is a completely disinterested party.

A most persuasive affidavit is presented by Mr. Frank R. Borowski, Chief of Postal Administration Service of the United States Post Office in Milwaukee.

The affidavit of Borowski sets forth that mail collected at the courthouse is immediately brought to the central post office and cancelled by a postmark machine, with the date and letters indicating the time as "AM" or "PM."

In this case, it is undisputed that all three notices were identically cancelled on "AM 31 AUG 1966." Certified mail collected by the United States postal carriers at the courthouse on any one of the four daily collections would be cancelled by postmark the same day and delivered to 2100 Marine Plaza no later than 9:30 a. m. the following day. The courthouse and 2100 Marine Plaza are within an area designated as the "Accelerated Business Collection Delivery" (ABCD) zone. 2100 Marine Plaza has two "special handling" daily mail deliveries, one at approximately 9:15 a. m. and one at approximately 1:30 p. m. In the case under consideration it is undisputed that both notices addressed to 2100 Marine Plaza were received in the afternoon delivery of August 31, 1966.

Mr. Borowski's affidavit states:

"6. If all three envelopes were mailed from the Milwaukee County Courthouse, the postmark cancellation indicates such mail was collected at the 11:10 a. m. collection on August 31, 1966."

His affidavit further states that if any certified letter mailed from the Milwaukee County Courthouse on August 30, 1966, was misplaced and delivery or cancellation thereby delayed by the United States postal employees, such envelope would be stamped by the United States Post Office with an appropriate imprint indicating delay in delivery.

The evidence presented through the affidavit of Mr. Borowski setting forth the detailed processing of mail by the United States postal employees is corroborated by other evidence. The post office process was tested by several sample mailings in September, 1966, by an employee of counsel for the appellant. The mail schedules in September were the same as on August 30 and 31,

1966. The employee's affidavit describing these sample mailings and the results thereof confirms the fact that postal pickups, cancellations and deliveries function as described in Mr. Borowski's affidavit.

Respondent endeavored to prove the timeliness of the mailing by setting forth the practices and customs of the courthouse mail procedures and submitted affidavits indicating that these procedures and customs had been followed on the day in question. *See Frank v. Metropolitan Life Ins. Co.* (1938), 227 Wis. 613, 227 N. W. 643; *Federal Asbestos Co. v. Zimmermann* (1920), 171 Wis. 594, 177 N. W. 881. However, we conclude that the evidence presented by the appellant clearly refutes such proof by controverting and disproving the expected result of such customs and practices.

We are of the opinion that the factual determination by the trial court is against the great weight and clear preponderance of the evidence.

*By the Court.*—Order reversed with directions to dismiss the appeal.