WILLIAMS, Respondent, v. RANK & SON BUICK, INC., Appellant.

*No. 147. Argued September 4, 1969.—Decided October 3, 1969.*
(Also reported in 170 N. W. 2d 807.)

For the appellant there were briefs and oral argument by *Ralph K. Rosenbaum, Jr.,* of Milwaukee.

For the respondent there was a brief by *Thomas M. Jacobson,* and oral argument by *Mr. Jacobson* and *Mr. David A. Melnick,* both of Milwaukee.

HANLEY, J.   The two questions raised on this appeal are:

(1) Is the trial court's finding of fraud against the great weight and clear preponderance of the evidence; and

(2) Is respondent entitled to attorney fees in excess of the amount allowed by sec. 251.23 (1) and sec. (Rule) 251.84, Stats.?

### *Finding of Fraud.*

This court has consistently held that the party alleging fraud has the burden of proving it by clear and convincing evidence [1] and that factual findings of the trial court will not be upset unless contrary to the great weight and clear preponderance of the evidence.[2] Based upon these principles it is this court's duty on this appeal to determine if all the elements of fraud have been properly established.

In order to establish that a representation was fraudulent one must establish, first, that the statement of fact is untrue; second, that it was made with intent to defraud and for the purpose of inducing the other party to act upon it; and third, that he did in fact rely upon it and was thereby induced to act, to his injury or damage.

[1] *First Nat. Bank in Oshkosh v. Scieszinski* (1964), 25 Wis. 2d 569, 131 N. W. 2d 308, and cases cited therein.

[2] *Schroedel Corp. v. State Highway Comm.* (1968), 38 Wis. 2d 424, 157 N. W. 2d 562; *Eberle v. Joint School Dist. No. 1* (1968), 37 Wis. 2d 651, 155 N. W. 2d 573.

*McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787.

As to the first element there is no question that the advertisement and the alleged oral representation of the salesman were false. The automobile in question was simply not equipped with air conditioning.

Some argument, however, has been raised as to whether there was any intent on the part of the appellant to defraud the respondent. In regard to the advertisement, the respondent argues that the very highlighting of the words "FACTORY AIR CONDITIONING" evinces an intent to defraud. Although this argument is quite unpersuasive in light of the consistency with which such highlighting is used in today's automobile advertising, it is "possible" to draw such an inference.

The appellant contends that there was no intent to defraud and that its used-car manager acted in good faith in placing the advertisement with *The Milwaukee Journal.* At the trial the used-car manager testified that it was his practice to orally dictate the ads to the *Journal* man the day before they were to run. The proofs, however, were never returned to him until the day after the ad had run, thus eliminating any opportunity to correct errors made either by him in dictating or by the *Journal* in printing.

Although it is very possible that the appellant did act in good faith, this court held in *First Nat. Bank of Tigerton v. Hackett* (1914), 159 Wis. 113, 121, 149 N. W. 703, that

". . . If [the defendant] made the representations, which were material, and they were false, relied upon by the plaintiff, and caused the damage, it was immaterial whether they were made in bad faith or not." *See also: Neas v. Siemens* (1960), 10 Wis. 2d 47, 102 N. W. 2d 259.

In regard to the alleged oral misrepresentations of the appellant's salesman, there is, of course, conflict in testimony. Despite denial by the salesman, however, there is

sufficient evidence upon which the trial court could find that such statements were made and that they were made with intent to defraud the respondent.

Appellant's counsel argues that there was no reliance by the respondent and that therefore there was no fraud. The record indicates that the only advertisement introduced into evidence was one which appeared in *The Milwaukee Journal* on March 21, 1968. On direct examination the respondent testified that in response to the ad he went to the appellant's used-car lot on March 21, 1968. On cross-examination, however, he testified that he had read the contract and that the space for the date of the contract had been filled in prior to his signing. Clearly, the respondent purchased the car on the date of the contract—March 19, 1968.

The appellant argues that no reliance could possibly have been placed upon the ad because it did not appear in the newspaper until two days after the automobile was purchased. It is thus contended that the respondent seized upon the error in the ad to seek a reduction in the price previously paid for the automobile.

The respondent, on the other hand, argues that since he saw the ad before purchasing the car the ad must have run for several days prior to the purchase and cites *Madison v. Geier* (1965), 27 Wis. 2d 687, 697, 135 N. W. 2d 761:

"The inferences to be drawn from the observable facts are for the trial court, and unless they are inherently impossible or unreasonable they should be accepted on appeal. . . ."

We cannot accept respondent's reasoning and are of the opinion that to infer that the ad ran prior to March 19, 1968, is unreasonable. Such evidence is certainly not clear and convincing. Had the ad in fact been placed prior to March 19, 1968, it would have been a simple matter to have introduced such ad, rather than resort to the strained logic now urged upon this court.

Although the respondent has not established reliance upon the advertisement by clear and convincing evidence, there is ample evidence to warrant the trial court's finding that the oral misrepresentation of the appellant's salesman was in fact made. In response to his attorney's question as to whether the car was represented as having certain features, the respondent answered, "Oh, yes, that it was full power and air conditioning and everything, and that Chrysler was a nice car, it was, and all that kind of jazz." He then added that he had purchased the car "Mainly because it was a Chrysler Imperial and that it had air conditioning."

Despite denials by the salesman, the trial court, having had an opportunity to view the witnesses, apparently determined that the respondent's testimony was more credible than that of the salesman.

The question of reliance is another matter. Many previous decisions of this court have held that one cannot justifiably rely upon obviously false statements. In *Jacobsen v. Whitely* (1909), 138 Wis. 434, 436, 437, 120 N. W. 285, the court said:

". . . It is an unsavory defense for a man who by false statements induces another to act to assert that if the latter had disbelieved him he would not have been injured. . . . Nevertheless courts will refuse to act for the relief of one claiming to have been misled by another's statements who blindly acts in disregard of knowledge of their falsity or with such opportunity that by the exercise of ordinary observation, not necessarily by search, he would have known. He may not close his eyes to what is obviously discoverable by him. . . ."

It is apparent that the obviousness of a statement's falsity vitiates reliance since no one can rely upon a known falsity. Were the rule otherwise a person would be free to enter into a contract with no intent to perform under the contract unless it ultimately proved profitable. On the other hand, a party who makes an

inadvertent slip of the tongue or pencil would continually lose the benefit of the contract.

The question is thus whether the statement's falsity could have been detected by ordinary observation. Whether the falsity of a statement could have been discovered through ordinary care is to be determined in light of the intelligence and experience of the misled individual. Also to be considered is the relationship between the parties. *Kaiser v. Nummerdor* (1904), 120 Wis. 234, 97 N. W. 932; *Sciano v. Hengle* (1957), 1 Wis. 2d 273, 83 N. W. 2d 689; and *Neas v. Siemens, supra.*

In several cases this court has held that the above factors negated the opportunity to inspect and the obviousness of the statement's falsity. *See International Milling Co. v. Priem* (1923), 179 Wis. 622, 192 N. W. 68, and *Jacobsen v. Whitely, supra.*

In the instant case, however, no such negating factors exist. The respondent specifically testified that, being a high school graduate, he was capable of both reading and writing. It is also fair to assume that he possessed a degree of business acumen in that he and his brother operated their own business. No fiduciary relationship existed between the parties. They dealt with each other at arm's length. The appellant made no effort to interfere with the respondent's examination of the car, but, on the contrary, allowed him to take the car from the premises for a period of one and one-half hours.

Although the obviousness of a statement's falsity is a question of fact, this court has decided some such questions as a matter of law. *Prime Mfg. Co. v. Allen-Hough Carryola Co.* (1933), 210 Wis. 72, 245 N. W. 70; *Acme Chair and Metal Crafts Co. v. Northern Corrugating Co.* (1932), 209 Wis. 8, 243 N. W. 415, 244 N. W. 582; and *Plantikow v. Wolk* (1926), 190 Wis. 218, 208 N. W. 922. In *W. H. Hobbs Supply Co. v. Ernst* (1955), 270 Wis. 166, 170, 70 N. W. 2d 615, an action was started against the defendant for fraudulently inducing the plaintiff to

extend him credit. Although the defendant had told the plaintiff's representatives that he had the financial backing of another, they made no attempt to determine whether he had such backing. The defendant contended that such reliance was not justified and the court stated:

". . . We may not disturb the trial court's finding upon this question unless it is against the great weight and clear preponderance of the evidence. We believe that it is. It is true that ordinarily one to whom a positive, distinct, and definite representation has been made is entitled to rely on such representation and need not make further inquiry concerning the particular facts involved. It is just as true, however, that one may not under all circumstances blindly act on a statement in disregard of an opportunity to learn the truth when by the exercise of ordinary attention he would have learned it. . . ."

In the instant case the respondent had ample opportunity to determine whether the car was air-conditioned. He had examined the car on the lot and had been allowed to remove the car from the lot unaccompanied by a salesman for a period of approximately one and one-half hours. This customers were normally not allowed to do.

No great search was required to disclose the absence of the air-conditioning unit since a mere flip of a knob was all that was necessary. If air conditioning was, as stated by the respondent, the main reason he purchased the car, it is doubtful that he would not try the air conditioner.

"It seems plain that, whether the representation in question was made, the [respondent] failed to exercise that care for [his] own protection which was easily within [his] power to exercise, and, under all the circumstances, [he] was not justified in relying upon such a representation, if made." *Acme Chair & Metal Crafts Co. v. Northern Corrugating Co., supra,* at page 17.

We conclude that as a matter of law the respondent under the facts and circumstances was not justified in relying upon the oral representation of the salesman. This is an action brought in fraud and not in action for a breach of warranty.

We need not consider the respondent's request for fees in excess of the amount allowed by sec. 251.23 (1) and sec. (Rule) 251.84, Stats., in view of our ruling reversing the order of the circuit court.

*By the Court.*—Order reversed.

WILKIE, J. (*dissenting*). At a time when there is so much emphasis on consumer protection, the majority, in effect, revitalizes the old *caveat emptor* doctrine without specifically mentioning it.

The majority opinion holds that the respondent could not, as a matter of law, have relied on the representation that there was air conditioning in the car since such representation was obviously false.

While the majority concedes that the "statement's falsity is a question of fact" it states that "this court has decided some such questions as a matter of law."

The cases cited by the majority to support its conclusion that this matter can be settled as a matter of law are clearly distinguishable on their facts.

In *Prime Mfg. Co. v. Allen-Hough Carryola Co.*[1] the parties involved were of relatively equal bargaining power. Furthermore, the defendant who claimed he was defrauded by representations made by the plaintiff was in a position to know whether the statements were false. The court said:

"The defendant's representatives, because of their intimate connection with the product and customers of the plaintiff and their familiarity with the business in general, brought to the defendant understanding and knowledge which precluded them from relying on the statement made."[2]

So, too, in *Acme Chair and Metal Crafts Co. v. Northern Corrugating Co.*,[3] the court, in finding that it was against

[1] (1933), 210 Wis. 72, 245 N. W. 70.
[2] *Id.* at page 84.
[3] (1932), 209 Wis. 8, 243 N. W. 415, 244 N. W. 582.

the great weight and clear preponderance of the evidence for the defendant, Northern Corrugating Company, to have relied on an allegedly false statement made by the plaintiff's predecessor, said:

". . . Northern Corrugating Company was negotiating in a field in which it had *considerable familiarity* and . . . it was not the easy victim of fraud and misrepresentation within that field. Its long business experience and its familiarity with patents, patent rights, and the practices of the United States patent office placed it in a position where it was able to deal at arm's length with Mr. Schmitt." (Emphasis added.) [4]

In the instant case the respondent was an individual bargaining with a large car dealership. There is no evidence to show that the respondent was familiar with auto air-conditioning systems. The false advertisement said that the air-conditioning unit in the car was factory equipment. Thus, it can be inferred that there would be no box-type unit under the dashboard which would be readily apparent upon entering the car. Presumably, a factory equipped unit would be housed under the hood of the car. Similarly, the fact that the car was purchased in March rather than in the midst of a heat wave would tend to reduce the significance of respondent's failure to test the air conditioning before purchase.

In *Plantikow v. Wolk*,[5] the plaintiff and the makers of a certain note were brought together by the defendant and this court held that a jury issue was not presented as to plaintiff's right to rely on a representation as to the makers' responsibility without inquiring as to their property and ability to pay.

In *W. H. Hobbs Supply Co. v. Ernst*,[6] another situation was presented in which the plaintiff extended credit, the defendant representing that he had the financial backing

---

[4] *Id.* at page 12.

[5] (1926), 190 Wis. 218, 208 N. W. 922.

[6] (1955), 270 Wis. 166, 70 N. W. 2d 615.

of another.  Plaintiff made no attempt to determine whether the defendant had such backing.

In both of these cases the plaintiff was induced by a false representation to extend credit.  In each case circumstances made it obvious that the plaintiff should have made a suitable inquiry to check the representatives.

Here, I would hold that the falsity of the representation was not so obvious that it could be held as a matter of law that the respondent had no right to rely on it.  It was for the finder of fact and by finding reliance the trial court, by implication, found respondent had a right to rely thereon.  That finding is not against the great weight and clear preponderance of the evidence.  I would affirm.

I am authorized to state that Mr. Justice BEILFUSS and Mr. Justice HEFFERNAN join in this dissent.