McCann, Respondent, vs. Personnel Board, Appellant.

*June 9—July 12, 1949.*

The cause was submitted for the appellant on the brief of the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and for the respondent on the brief of *Beggs & Lawton* of Madison.

FAIRCHILD, J.    There exists a plan to give vitality to a purpose to displace a system of making appointments primarily from political considerations, one to establish a merit system. The right of the legislature to legislate in this field is universally accepted.    10 Am. Jur., Civil Service, p. 923, sec. 4; *State ex rel. Buell v. Frear,* 146 Wis. 291, 131 N. W. 832. In the carrying out of this purpose the legislature has given

to the Personnel Board, subject to the approval of the governor, the power to deal with the problems incident thereto.

In consideration of a delegation of legislative function, such as the power to promulgate a rule, and to comply with requirements to be fulfilled in accordance with due process, the legislature enacted sec. 7, ch. 363, Laws of 1905; sec. 5, ch. 306, Laws of 1917; and sec. 2, ch. 465, Laws of 1929.[1]

---

[1] Sec. 7, ch. 363, Laws of 1905, provides in part:

"The civil service commission shall:

"First. Prescribe, amend and enforce rules and regulations for carrying into effect the provisions of this act. All rules so prescribed shall be subject to the approval of the governor, and they may from time to time, subject to like approval, be added to, amended or rescinded, provided however, that if the governor takes no action on a rule or amendment submitted to him within a period of ten days from the date of its submission, then the rule or amendment shall become effective as though approved by the governor."

Sec. 5, ch. 306, Laws of 1917, provides:

"The first paragraph and subsections First, Second, Third and Fifth of section 990–7 of the statutes are renumbered and amended to read: 16.04. *Duties of commission.* . . . The . . . commission shall: . . . (1) Prescribe, amend and enforce rules and regulations for carrying into effect the provisions of . . . *this chapter.* All rules so prescribed shall be subject to the approval of the governor, and they may, from time to time, subject to like approval, be added to, amended or rescinded. . . . However, . . . if the governor takes no action on a rule or amendment submitted to him within a period of ten days from the date of its submission, then the rule or amendment shall become effective as though approved by the governor. *Notice of the contents of such rules and regulations and of any modifications thereof shall be given by mail in due season to appointing officers affected thereby, and such rules and regulations and modifications shall also be printed for public distribution.*"

Sec. 2, ch. 465, Laws of 1929, provides in part:

". . . 16.05 *Duties of . . . personnel board.* The . . . *personnel board* shall:

"(1) *After a public hearing* prescribe, *and* amend . . . rules . . . for carrying into effect the provisions of sections 16.01 to 16.30, . . . *on the recommendation of the director of personnel.* All rules so prescribed shall be subject to the approval of the governor, and they may, from time to time, subject to like approval, be added to, amended or rescinded. However, if the governor takes no action on a rule or amendment submitted to him within a period of ten days from the date of its submission, then the rule or amendment shall· become effective as though approved by the governor. Notice of the contents

As pointed out in appellant's brief, the original statute "as perfected by amendments over the years from 1905 to 1929, shows evidence of careful draftsmanship, clearly calculated to throw about the adoption of civil-service rules the same formalities and requirements to protect both the public interest and the rights of employees under the system, that we find in the legislative process itself. The evolution of this statute resulted in these five basic, mandatory requirements: (1) A public hearing; (2) the recommendation of the director of personnel; (3) quorum action of the board; (4) approval by the governor; (5) seasonable notice of the contents of such rules to appointing officers affected thereby."

Certainty and regularity have at least a presumption in their favor. When, therefore, substantial reasons exist for fixing a time when a rule or statute shall become effective, and the legislation, in fixing a precise date, discloses a determination that the regulation shall then be operative, there is little or no occasion for raising a question as to the propriety of such requirement or as to the legislative intent.

Here, as stated by the learned trial judge: "The sole issue is whether the layoff is subject to a rule of the Personnel Board adopted in June, 1942, or whether it is governed by a rule of the Personnel Board passed June 28, 1948." As appears from the facts the board applied the 1942 rule.

Appellant contends that its rule, approved by the governor on June 30, 1948, did not become effective until July 19th, when it was filed with the secretary of state, pursuant to sec. 227.03, Stats. That section appears in the statement of facts. Under it the rules adopted do not become effective until filed. It is considered that the rule followed by the trial court did not become effective until filed in the office of the secretary

---

of such rules . . . and of any modifications thereof shall be given . . . in due season to appointing officers affected thereby, and such rules . . . and modifications shall also be printed for public distribution."

of state. It was, therefore, error to apply that rule. The filing did not occur until after petitioner was laid off. The layoff was under a rule that was adopted in 1942, which at the time of her layoff was the only regulation to be relied upon because the amended rule did not become effective until published and filed. That the Board of Health was not advised of the proposed change does not alter the grounds on which their action was based.

*By the Court.*—Judgment reversed. Cause remanded with directions to dismiss the petition.

BROADFOOT, J., took no part.