RESERVE SUPPLY COMPANY, Appellant, v. VINER, Respondent.

*February 3—March 8, 1960.*

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Sheehan,* and oral argument by *Joseph D. Becker* and *T. H. Skemp,* all of La Crosse.

For the respondent there was a brief by *Ruediger & Joanis* of La Crosse, and oral argument by *Robert E. Joanis.*

BROWN, J.   There is testimony that the joints of the eight-inch pipe were not properly secured and excessive pressure would cause the joints to come apart. Defendant admits that there is evidence to sustain the answer to question 1 of the verdict.

There is also evidence from which a jury could find that several causes contributed to produce the rupture of the water line, viz.: Defendant's failure to secure the joints, excessive water pressures in the city main which were transmitted to the lateral installed by defendant, the lack of a relief valve, recommended by the city inspector, in the sprinkling system installed by third parties.

It is well settled in Wisconsin that when evidence supports a number of contributing causes, the charge and the verdict should recognize that possibility and it is error to confine the causation question to a single cause. *Berrafato v.*

*Exner* (1927), 194 Wis. 149, 158, 216 N. W. 165. Our most-recent recognition of the possibility of multiple causes is:

"If the actor's negligent conduct is a substantial factor in bringing about the harm it is a legal cause of that harm. Restatement, 2 Torts, p. 1159, sec. 431." *Wintersberger v. Pioneer Iron & Metal Co.* (1959), 6 Wis. (2d) 69, 74, 94 N. W. (2d) 136.

The trial court charged:

"You will observe that whether you answer this question depends on whether you have answered question 1 'Yes.' If, by your answer to question 1 you find that the defendant was negligent in the manner in which he installed this water main leading from the city main to plaintiff's premises, then you will answer question 2 and determine whether such negligence caused such main to break, and resulted in the damages sustained by the plaintiff."

The instruction implying only defendant's negligence as *the* cause, or *such* cause, particularly in connection with the similar implication of question 2 of the verdict, informed the jury that a single, exclusive cause, is to be determined. It is quite possible that the jury, unable to determine that defendant's negligence was the sole cause, would answer question 2 "No," though it might believe defendant's negligence was a substantial factor in bringing about the harm.

We consider that question 2 and the accompanying instruction constituted prejudicial error requiring a new trial.

Appellant also submits that the trial court incorrectly instructed the jury in authorizing a verdict in which 10 jurors might agree. The appellant construes the instruction as a coercion by the court of at least 10 jurors. The trial court might have given more emphasis to the right of any number of jurors to disagree with the remainder but we cannot find from the instruction or the typographical form

in which the verdict was presented to the jury that the jurors, presumed to be reasonable men and women, would have interpreted the charge or the form of the verdict as one to compel agreement in a finding which was contrary to their actual belief.

Rule 6 (5) of the Supreme Court Rules, sec. 251.26, Stats., requires the appellant to print an appendix. The matters to be set out in the appendix are stated in the rule. The requirement of an appendix is not designed by this court to annoy attorneys or to put them to unnecessary trouble in the preparation of their appeals. An insufficient appendix deprives opposing counsel and the court of a much-needed aid in their consideration of the appellant's contentions. In the appeal now before us the appellant has entirely omitted an appendix. Counsel may consider himself fortunate that we have not disregarded his entire brief because of these omissions. We trust that this reproof and the deprivation of the costs to which appellant would otherwise be entitled will serve to prevent a repetition of this breach of the court rules.

*By the Court.*—Judgment reversed. Cause remanded with directions to grant a new trial. Appellant shall tax no costs in this court.

FAIRCHILD, J., dissents.