GABRIEL (Esther), Appellant, v. GABRIEL (Vernon), Respondent.

*No. 34. Argued January 29, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 494.)

426

For the appellant there was a brief and oral argument by *Robert Zum Brunnen* of Spooner.

For the respondent there was a brief by *Cameron, Shervey & Weisel* and *Robert O. Weisel,* all of Rice Lake, and oral argument by *James C. Eaton* of Rice Lake.

ROBERT W. HANSEN, J. Brevity may be the soul of wit, but it can be carried too far when it comes to legal briefing.

On the question of equitable estoppel, appellant's brief states, tersely enough, only that, "This is not an action in equity, this is an action in law to recover upon a cognovit note." That is a correct statement. However, the defense of equitable estoppel is not limited to actions brought in equity. Equitable estoppel may apply to preclude the assertion of rights and liabilities under a note or contract. [1]

On the issue of equitable estoppel, defendant's brief notes that he ". . . voluntarily participated in the drafting of that will even though it would be to his financial detriment." The brief adds, "Had he kept silent, he would have inherited one-third of the total estate instead of what he did receive." Perhaps so, but it is late in the ball game to replay the first inning. The equities are on the side of the defendant. The trial court so found. But more is required to make properly applicable the doctrine of equitable estoppel.

In this state the burden of proving the elements of equitable estoppel is on the party who asserts estoppel as a defense. [2] Proof of estoppel must be clear, satisfactory and convincing, and is not to rest on mere inference or conjecture. [3] While fraudulent intent is not a necessary element, [4] the representation or act relied upon must have

---

[1] See: 31 C. J. S., Estoppel, p. 741, sec. 151, stating: "Where the facts of the case clearly justify it, the doctrine of equitable estoppel will apply to preclude the assertion of rights and liabilities under a contract . . . ."

[2] Wisconsin Telephone Co. v. Lehmann (1957), 274 Wis. 331, 336, 80 N. W. 2d 267; Estate of Smith (1938), 226 Wis. 556, 561, 277 N. W. 141.

[3] Eberle v. Joint School Dist. No. 1 (1968), 37 Wis. 2d 651, 656, 155 N. W. 2d 573, citing Rice v. Gruetzmacher (1966), 30 Wis. 2d 222, 228, 140 N. W. 2d 238.

[4] Pick Foundry, Inc. v. General Door Mfg. Co. (1952), 262 Wis. 311, 319, 55 N. W. 2d 407.

been made or done knowingly or with intent that it be acted upon.[5]

The tests for applicability of equitable estoppel as a defense derive from the definition by this court of such estoppel to be: ". . . action or nonaction on the part of the one against whom the estoppel is asserted which induces reliance thereon by another, either in the form of action or nonaction, to his detriment. . . ." [6] Three facts or factors must be present: (1) *Action or nonaction* which induces (2) *reliance* by another (3) to his *detriment.*

The testimony and sequence of events establish the first element: an action on the part of the one against whom the estoppel is asserted. The attorney who drafted the will testified that, as to the paragraph in the will directing the note be cancelled, the plaintiff said to him and defendant: "That is what father wanted and that is okay with me, put it in there." Moreover, with plaintiff and defendant stating to the lawyer what their father wanted in his will, the paragraph would not have been in the draft submitted to the father if the plaintiff and defendant had not agreed that it be included.

As to the second required element, induced reliance by defendant, either in the form of action or nonaction, the question is closer. What did the defendant do or not do in his apparent and warranted reliance upon plaintiff's stating that the directing of the cancellation of the note be included in the father's will? What he did not do was to seek an alternative provision in the will carrying

[5] *Mortgage Discount Co. v. Praefke* (1933), 213 Wis. 97, 102, 103, 250 N. W. 846.

[6] *City of Milwaukee v. Milwaukee County* (1965), 27 Wis. 2d 53, 66, 133 N. W. 2d 393. *See also: Estate of Helgert* (1966), 29 Wis. 2d 452, 460, 139 N. W. 2d 81; *Dunn v. Pertzsch Construction Co.* (1968), 38 Wis. 2d 433, 436, 157 N. W. 2d 652, stating: ". . . it is not true . . . that estoppel can be proved only by overt acts and an actual intention to induce another to take action to his prejudice. . . ."

out the father's direction that the note be cancelled. Outright bequest included, there were various ways in which the testator could have reached the result he desired. The defendant was apprised by the attorney that the will provision could not take away an obligation owed by him to his sister. So his complete reliance and nonaction clearly were based on the statement made by plaintiff, and the circumstances under which the statement was made.

The third element of estoppel—"to his detriment"—is obvious. The exact detriment would be—if estoppel does not intervene—the $3,076.50 judgment taken by plaintiff on the note which her father's will directed to be marked "paid in full" and turned over to the defendant. All elements for equitable estoppel being present, we hold the plaintiff is estopped from seeking to collect on the cognovit note signed by the defendant.

The trial court denied recovery on the ground that, under sec. 853.15 (1), Stats.,[7] the plaintiff, by electing to take the home under the will, relinquished her right to collect on the note. Ch. 853 of the new Probate Code, under sec. 851.001, became effective and applies only ". . . to the will of any testator dying on or after April 1, 1971 . . . ."[8] The father in this case died on January 28, 1970. Even if sec. 851.001 did not control, and we find no reason for so holding,[9] the statute in-

---

[7] Sec. 853.15 (1), Stats., providing: ". . . If a will gives a bequest or devise to one beneficiary and also clearly purports to give to another beneficiary a property interest which does not pass under the will but belongs to the first beneficiary by right of ownership, survivorship, beneficiary designation or otherwise, the first beneficiary *must elect either to take under the will and transfer his property interest in accordance with the will, or to retain his property interest and not take under the will. . . ."* (Emphasis supplied.)

[8] Sec. 851.001, Stats.

[9] *See:* 82 C. J. S., *Statutes,* p. 962, sec. 400: "A designation in a law of a particular future time for it to take effect controls

volved and relied upon by the trial court is substantive, not procedural in nature.[10] As such, it is not to be applied retroactively.[11] The statute that did apply, up to April 1, 1971, was sec. 238.02 (2), Stats., which overruled earlier holdings of this court [12] and established as the rule that a testator must state in his will or codicil in express terms that acceptance of a bequest or devise constitutes an election.[13] The will here involved not containing any such express statement as to election, the requirement of the then applicable statute is not met. This court's finding of equitable estoppel leaves unchanged the judgment that the trial court based on a statutory election to take under the will.

*By the Court.*—Judgment affirmed.

unless a different intention is manifested. . . ." *See also: McCann v. Personnel Board* (1949), 255 Wis. 321, 324, 38 N. W. 2d 480, stating: ". . . When . . . substantial reasons exist for fixing a time when a rule or statute become effective, and the legislation, in fixing a precise date, discloses a determination that the regulation shall then be operative, there is little or no occasion for raising a question as to the propriety of such requirement or as to the legislative intent."

[10] Sec. 853.15, Stats., Annot., *Comment–1969*, states: "This section replaces former 238.02 (2) . . . ." Of sec. 238.02 (2), this court has stated, "We cannot agree that this section of the statutes is merely a rule of evidence or is solely procedural in nature. . . ." *Estate of Riley* (1959), 6 Wis. 2d 29, 36, 94 N. W. 2d 233.

[11] "As a general rule [substantive] statutes are construed to operate prospectively unless the legislative intent that they be given retrospective or retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication." 82 C. J. S., *Statutes*, p. 981, sec. 414.

[12] *See: Will of Schaech* (1948), 252 Wis. 299, 304, 31 N. W. 2d 614, 33 N. W. 2d 319, citing *Allen v. Boomer* (1892), 82 Wis. 364, 371, 52 N. W. 426. *But see: Estate of Riley, supra,* at page 36, stating: ". . . We deem the holding in *Will of Schaech* . . . is overruled by this statute [sec. 238.02 (2), Stats.]."

[13] Sec. 238.02 (2), Stats.