Gabriel COCONATE, Plaintiff-Appellant,

v.

James E. SCHWANZ, Defendant-Respondent.

Court of Appeals

*No. 91–1105–FT. Submitted on briefs September 9, 1991.—Decided October 22, 1991.*

(Also reported in 477 N.W.2d 74.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *William E. Ray, Jr.* of *William E. Ray, Jr., S.C.,* Minocqua.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Debra Hayes Colcord,* Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Gabriel Coconate appeals a summary judgment dismissing his claim against James Schwanz, the maker of a $4,000 note payable to Coconate.[1] Coconate alleges that the trial court erred by concluding that Coconate's failure to list the note as an asset during his divorce proceeding bars collection of the note under

---

[1]This is an expedited appeal under sec. 809.17, Stats.

the doctrines of collateral estoppel and judicial estoppel. We conclude that the trial court erred because neither the doctrine of collateral estoppel nor the doctrine of judicial estoppel apply to the facts of this case. We also conclude that equitable estoppel is not applicable in this case. Because Coconate is not estopped from asserting his claim against Schwanz, we reverse the trial court's judgment.

In August 1984, Coconate loaned $4,000 to Schwanz in return for a promissory note signed by Schwanz. In January 1986, a final divorce judgment was granted under a stipulation entered by Coconate and his wife Mary Coconate. During the divorce proceeding, the existence of the $4,000 Schwanz note was not disclosed. Accordingly, the note was not included in the marital property or assigned to either party in the divorce stipulation or judgment. Subsequent to the divorce proceeding, Coconate filed an action for collection on the note. The trial court dismissed the action, and Coconate appeals.

The material facts underlying the grant of summary judgment are undisputed. The trial court applied the legal principles of collateral and judicial estoppel in its determination that summary judgment was warranted in favor of Schwanz. We review the application of legal principles to undisputed facts in a summary judgment disposition without deference to the trial court. *Radlein v. Industrial Fire & Cas. Ins. Co.,* 117 Wis. 2d 605, 613, 345 N.W.2d 874, 878–79 (1984).

One of the grounds the trial court relied upon to bar Coconate's claim was collateral estoppel. We conclude that collateral estoppel does not apply to the facts of this case. "Collateral estoppel applies 'where the matter

229

raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged.' " *Crowall v. Heritage Mut. Ins. Co.,* 118 Wis. 2d 120, 125–26, 346 N.W.2d 327, 331 (Ct. App. 1984) (quoting *Commissioner v. Sunnen,* 33 U.S. 591, 599–600 (1948) (emphasis deleted)). "Also, it must be clear that 'the issue in question has in fact been decided.' " *Id.* at 126, 346 N.W.2d at 331 (quoting *State ex rel. Flowers v. DHSS,* 81 Wis. 2d 376, 389, 260 N.W.2d 727, 735 (1978)).

Not only are the matters raised in the suit for enforcement of the note legally and factually distinct from the matters raised in the divorce proceeding, but the enforceability of the note was not decided in the previous proceeding. In the suit for enforcement of the note, the issue is whether there is a valid and enforceable debt owed to Coconate. That issue was not raised or decided in the divorce proceeding.

Schwanz argues that the issue was decided by implication. He states that the financial disclosure that omitted the note was accepted by the court implying a concession that the note did not constitute a valid or enforceable debt. We disagree. If the debt had been listed, Schwanz would certainly not argue that by implication the debt had already been determined to be valid and enforceable. The parties to the divorce cannot affect Schwanz's rights or obligations. Therefore, we conclude that the issue regarding the existence and enforceability of the note has not in fact been decided merely by the failure to disclose the existence of the note in the divorce proceeding.

Judicial estoppel, an equitable remedy distinct from collateral estoppel, was also relied upon by the trial court to bar Coconate's claim. Judicial estoppel precludes a party from asserting a position in a legal proceeding that is inconsistent with a position previously asserted. *See State v. Mendez,* 157 Wis. 2d 289, 294, 459 N.W.2d 578, 580 (Ct. App. 1990). Schwanz argues that Coconate's failure to disclose the existence of the note in his divorce proceedings implies that he was not entitled to recover on the note. Thus, Schwanz argues that Coconate's assertion that he is entitled to recover on the note in this proceeding is inconsistent with Coconate's previously asserted position. Failure to include an asset on a financial disclosure statement in a divorce proceeding does not amount to a position by Coconate regarding the legal validity and enforceability of the note. Therefore, Coconate's current action against Schwanz cannot be characterized as a position inconsistent with one previously taken.

The trial court did not explicitly rely on equitable estoppel to bar Coconate's claim. However, because Schwanz alluded to equitable estoppel to support the trial court's judgment, we will consider the applicability of equitable estoppel to the facts in this case. In order for equitable estoppel to apply, the following three elements must be present: "(1) Action or nonaction which induces (2) reliance by another (3) to his detriment." *Gabriel v. Gabriel,* 57 Wis. 2d 424, 429, 204 N.W.2d 494, 497 (1973) (emphasis omitted). For purposes of equitable estoppel, the reliance must be justifiable or reasonable. *In re Alexander,* 75 Wis. 2d 168, 183, 248 N.W.2d 475, 484 (1977). The burden of proving the elements of equitable estoppel

is on the party asserting it as a defense. *Gabriel,* 57 Wis. 2d at 428, 204 N.W.2d at 497.

There has been no showing in this case that Schwanz relied on the nondisclosure of the note in the divorce proceeding to his detriment. Moreover, had Schwanz relied on the mere nondisclosure in the divorce proceeding, such reliance would be unreasonable. Schwanz was not a party to, nor an interested person in, the Coconate divorce proceeding. His rights were not affected or determined in the divorce proceeding. Hence, Schwanz was not entitled to reasonably construe the nondisclosure of the note in the divorce proceeding as forgiveness or waiver of the enforceability of the note.

In applying estoppel to bar Coconate's claim, the trial court discussed the applicability of *Oneida Motor Freight v. United Jersey Bank,* 848 F.2d 414 (3rd Cir. 1988). Not only are we not bound by the decision of the court in *Oneida,* but we find it to be unpersuasive and inapposite. In *Oneida,* the court concluded that Oneida was estopped from litigating an action for an alleged breach of loan agreements against United Jersey Bank, a secured creditor, by the position it took in prior bankruptcy proceedings. That court relied on equitable and judicial estoppel to bar Oneida's claim. The court reasoned that Oneida's failure to list the potential claim against the bank in its bankruptcy schedules was inconsistent with its later attempt to bring an action against the bank. The court applied the doctrine of estoppel, although the effect of the preclusion of the claim against the bank was to deprive Oneida's other creditors of a potential source of money to satisfy Oneida's debts. *Id.* at 420.

The doctrines of estoppel are based on principles of equity and justice. *Kellogg v. Village of Viola,* 67 Wis. 2d 345, 350, 227 N.W.2d 55, 58 (1975). The court in *Oneida,* after recognizing that the bank had engaged in questionable conduct, proceeded to use estoppel as a method to preclude Oneida from seeking damages against the bank, an alleged wrongdoer, effectively resulting in inequitable consequences to Oneida's other creditors, who were innocent third parties. We conclude that such use of estoppel is not authorized in Wisconsin.

Similarly, disallowance of a claim against a third-party debtor because of the nondisclosure of an asset in a divorce proceeding would result in the innocent spouse losing his or her share of the asset despite his or her nonculpable conduct. We conclude that estoppel was not intended to work such unjust results.[2]

In addition, *Oneida* is inapplicable to this case because the bank against which Oneida pursued its claim was a participant in the bankruptcy proceeding, while, here, Schwanz was not a participant in the Coconate divorce proceeding. This fact significantly affects the analysis to be applied in the respective cases.

Our conclusion that Coconate is not estopped from asserting his claim against Schwanz does not constitute an approval of his failure to disclose the existence of the note in his divorce proceedings. We merely conclude that the principles of estoppel do not apply under these particular facts. Coconate's failure to disclose could subject him to serious consequences. First, we note that sec. 767.27(5), Stats., provides a vehicle by which Mary,

---

[2]We note that Schwanz married Coconate's ex-wife subsequent to her divorce from Coconate. This fact does not alter our analysis or conclusion.

Coconate's ex-wife, can apply to the court for an award of property that was a part of the marital estate but not disclosed during the divorce proceeding. Second, criminal sanctions may be implicated because an untrue financial disclosure made under oath could be punished as perjury.

Because the principles of collateral, judicial and equitable estoppel do not preclude Coconate from pursuing a claim against Schwanz on the $4,000 note, we reverse the judgment.

*By the Court.*—Judgment reversed.