Marion STEINBERG and Ralph Steinberg, Plaintiffs-Appellants-Cross Respondents,

MILLER BREWING CO., Involuntary-Plaintiff-Co-Appellant-Cross Respondent,

v.

Dr. Thomas R. JENSEN, Wisconsin Health Care Liability Insurance Plan, Physicians Insurance Company of Wisconsin and Wisconsin Patients Compensation Fund, Defendants-Respondents-Cross Appellants.†

Court of Appeals

*No. 92–2475. Submitted on briefs May 13, 1996.—Decided June 18, 1996.*

(Also reported in 553 N.W.2d 820.)

†Petition to review denied.

116

For the plaintiffs-appellants-cross respondents the cause was submitted on the supplemental briefs of *Kravit, Gass & Weber, S.C.* by *J. Ric Gass, Janice A. Rhodes* and *Marilyn M. Carroll* of Milwaukee, *Denis McNamara* of Elkhorn, and *Woehrer Law Offices* by *Mary L. Woehrer* of Wauwatosa.

For the defendants-respondents-cross appellants the cause was submitted on the supplemental briefs of *Schellinger & Doyle, S.C.* by *James G. Doyle* and *Paul J. Kelly* of Brookfield.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J.  Marion and Ralph Steinberg appeal from a judgment entered in a medical malpractice case after a jury found that Dr. Thomas R. Jensen was negligent, but not causally so. The appeal was remanded to this court from the Wisconsin Supreme Court, with instructions to consider whether the trial court erroneously instructed the jury on the

issue of causation.[1] Because the instruction misstated the law of causation, we address this issue despite the Steinbergs' counsel's failure to place an objection to the instruction on the record. We conclude that the causation instruction misstated the law, which prevented the real controversy regarding the issue of causation from being tried. Accordingly, we reverse the judgment and remand for a new trial.

## I.  BACKGROUND

We limit our factual recitation to those facts relevant to the issue on this appeal. A more complete factual background can be found in *Steinberg I* and *Steinberg II. See Steinberg v. Jensen*, 186 Wis. 2d 237, 519 N.W.2d 753 (Ct. App. 1994) ("*Steinberg I*") and *Steinberg v. Jensen*, 194 Wis. 2d 439, 534 N.W.2d 361 (1995) ("*Steinberg II*").

This case was tried to a jury. Two days into deliberations, the jury sent a note to the trial court. It asked in pertinent part: "With the cause question, do we <u>all</u> or only 10-2 majority, have to agree on the <u>specific</u> cause. Is it sufficient for each of us to have <u>some</u> cause attributed to Dr. Jensen?" A conference was held off the record regarding how to respond to the jury's question.

---

[1] On the Steinbergs' initial appeal to this court, we addressed whether defense counsel's *ex parte* communication with the plaintiff's treating physicians violates the physician-patient privilege. *Steinberg v. Jensen*, 186 Wis. 2d 237, 263-64, 519 N.W.2d 753, 763 (Ct. App. 1994). We concluded that violations had occurred in this case, reversed the judgment, and remanded the case to the circuit court for a new trial. *Id.* at 244, 519 N.W.2d 755. This conclusion, however, was reversed by our supreme court in *Steinberg v. Jensen*, 194 Wis. 2d 439, 534 N.W.2d 361 (1995). Accordingly, we now consider the jury instruction issue.

After some discussion, all parties allegedly agreed to the following supplemental instruction: "Specifically to your question the answer to that is no, not all have to agree but rather a 10-2 majority must agree and you must agree on a specific cause in that regard but the numbers are ten to two." The jury was also re-read the general cause instruction prior to being given this supplemental instruction.

The jury returned a verdict, finding that Dr. Jensen was negligent, but not causally so. In motions after verdict, the Steinbergs requested that the trial court change the causation verdict question to which the jury had answered "no" to "yes." The basis for their argument was that the supplemental causal jury instruction erroneously stated the law and confused the jury. The trial court denied the motion. In this appeal, the Steinbergs ask us to conclude that the trial court erred in giving this supplemental instruction which misstated the law, and that even though no objection to the challenged instruction was placed on the record, we should exercise our discretionary authority pursuant to § 752.35, Stats., to reverse "in the interest of justice."

## II. DISCUSSION

The Steinbergs claim that the supplemental jury instruction was an erroneous statement of the law. Specifically, they argue that telling the jury they must agree on a "specific" cause contradicts Wisconsin's "a substantial factor test."[2] The defense argues that the Steinbergs have waived their right to appeal this issue

[2] Proving causation in Wisconsin requires only that the negligence was "a substantial factor" in causing the injuries. *See Merco Distrib. Corp. v. Commercial Police Alarm Co., Inc.*, 84 Wis. 2d 455, 458-59, 267 N.W.2d 652, 654 (1978).

because their counsel failed to object, on the record, to the instruction. *See* § 805.13(3), STATS. The trial court ruled that the instruction did not misstate the law and that the Steinbergs' counsel agreed to the wording of the supplemental instruction.

## A. Waiver.

Based on our review of the record, we agree with the defense that the Steinbergs' counsel waived the right to challenge the instruction by failing to place an objection to the instruction on the record. We do note that the Steinbergs' counsel claims that she did object to the supplemental instruction at the off-the-record chambers discussion addressing the jury's question. Defense counsel and the trial court have a different recollection. Defense counsel stated at the hearing on motions after verdict that he did not recall any objection and the trial court stated:

> My recollection differs from [plaintiffs' counsel's] in that I think that the ultimate solution was one that everyone agreed to. . . . I would have assumed that had there been any objection to what was done, that there would have been an objection on the record . . .. Even if [plaintiffs' counsel's] recollection is correct that she vigorously objected to what was ultimately given, I note that what was given was somewhat of a compromise and that there had been some agreement reached on it.

The fact that each party and the trial court have a somewhat different recollection of that off-the-record discussion is precisely why § 805.13(3), STATS., requires objections to be made on the record. If an attorney disagrees with an instruction that the trial court

decides to give during an off-the-record conference, the attorney must place an objection to the instruction on the record in order to preserve the issue for appeal. *Schroeder v. Northern States Power Co.*, 46 Wis. 2d 637, 645, 176 N.W.2d 336, 339-40 (1970) (a party that acquiesces without objection on the record to the inclusion of a portion of the instructions cannot later be heard to object on appeal). Claiming that an objection was made during an off-the-record conference is insufficient to satisfy the dictates of § 805.13(3), STATS. *Air Wisconsin, Inc. v. North Cent. Airlines, Inc.*, 98 Wis. 2d 301, 311, 296 N.W.2d 749, 753 (1980).

Section 805.13(3), STATS., requires counsel to state "the grounds for objection [to a jury instruction] with particularity on the record. Failure to object . . . constitutes a waiver of any error in the proposed instructions." The Steinbergs' counsel did not place any objection on the record to the supplemental instruction. The failure to place an objection on the record constitutes a waiver of any error in the submitted instruction.

B. *Discretionary Review.*

Though we conclude that the Steinbergs waived the error, we are not precluded from reversing the judgment based on the claimed error in the supplemental jury instruction. *Air Wisconsin*, 98 Wis. 2d at 317, 296 N.W.2d at 756; *Vollmer v. Luety*, 156 Wis. 2d 1, 27, 456 N.W.2d 797, 809 (1990). We can reverse the judgment

pursuant to § 752.35, STATS.,[3] and we exercise our right to do so.[4]

---

[3] Section 752.35, STATS., provides:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

[4] We have reviewed *Air Wisconsin, Inc. v. North Central Airlines, Inc.*, 98 Wis. 2d 301, 296 N.W.2d 749 (1980), vis-a-vis *State v. Schumacher*, 144 Wis. 2d 388, 424 N.W.2d 672 (1988), and find no clear expression that we are prohibited from exercising our power of reversal, pursuant to § 752.35, STATS., (and therefore our power to review the error), in the instant case. We do acknowledge that *Schumacher* limits our authority to *review* unobjected-to instructional errors. The majority in *Schumacher*, however, fails to clearly delineate what effect these limitations have on *Air Wisconsin*. We turn, therefore, to Justice Shirley S. Abrahamson's concurrence for clarification. The concurrence interprets the majority opinion to limit our power to review an unobjected-to instructional error to circumstances where we are exercising our power to *reverse* the judgment pursuant to § 752.35. *See Schumacher*, (Abrahmson, J., concurring), 144 Wis. 2d at 417-19, 424 N.W.2d at 683-84. These limited circumstances are present in the instant case: (1) we have examined the unobjected-to instruction and have concluded that grounds for discretionary reversal pursuant to § 752.35 exist; and (2) having determined that grounds for discretionary reversal pursuant to § 752.35 exist, we review the unobjected-to instruction to see if it was indeed erroneous.

This interpretation of *Schumacher* was further refined in *Vollmer v. Luety*, 156 Wis. 2d 1, 456 N.W.2d 797 (1990). The supreme court in *Vollmer* held that the court of appeals' powers

We conclude from the record that the supplemental instruction played a significant role in the "jury's determination of causal negligence, and that the instruction, if erroneous, prevented [the Steinbergs] from having a full, fair trial of the issues of the case." *Air Wisconsin*, 98 Wis. 2d at 318, 296 N.W.2d 756. As evidenced by their question, the jury was struggling with the concept of causation. The jurors departed from the proper causation instruction language with their question, which demonstrates their belief that they must agree on a specific cause rather than simply agreeing that the negligence was a substantial factor. The trial court reinforced the jury's mistaken belief by telling them that they had to agree on a specific cause, which carries a very different connotation than Wisconsin's substantial factor test. Therefore, we conclude that if the supplemental instruction was a misstatement of the law, as the Steinbergs claim, then the real controversy regarding the causation issue was not tried and we must reverse in the interest of justice.

The challenged supplemental instruction given to the jury provided: "Specifically to your question the answer to that is no, not all have to agree but rather a

under § 752.35, STATS., are identical to the supreme court's powers under § 751.06, STATS. *Id.* at 21, 456 N.W.2d at 806. Moreover, *Vollmer* clarified and limited the ruling in *Schumacher*, indicating that *Schumacher*'s analysis was narrowed to setting limitations on the court of appeals' discretionary review power pursuant to *common law*, "but did not address the court of appeals' discretionary reversal power granted to it by statute." *Vollmer*, 156 Wis. 2d at 16, 456 N.W.2d at 804. Because we have invoked our discretionary *statutory* reversal power in the instant case, the limitations set forth in the *Schumacher* majority opinion are irrelevant to our analysis.

10-2 majority must agree and you must agree on a specific cause in that regard but the numbers are ten to two." The Steinbergs claim that the supplemental cause instruction misstated the law on causation because the "specific cause" language departed from Wisconsin's substantial factor test and precluded a finding of joint causation. They also contend that the portion of the instruction directing that "you must agree on a specific cause" incorrectly told the jurors that they would have to agree on the same factual theory of causation. We agree that the supplemental instruction misstated the law of causation.

■

In Wisconsin, the test for whether negligence was causal is whether that negligence was "a substantial factor" in causing the injuries. *Merco Distrib. Corp. v. Commercial Police Alarm, Co., Inc.*, 84 Wis. 2d 455, 458-59, 267 N.W.2d 652, 654 (1978). It is erroneous to instruct a jury that they must find that the negligence was "the" substantial factor in causing injury. *Reserve Supply Co. v. Viner*, 9 Wis. 2d 530, 533, 101 N.W.2d 663, 665 (1960). Although the supplemental causation instruction in the instant case did not use these exact terms, the instruction implied that the jurors must agree that the negligence was "the cause," rather than "a cause." The use of the term "specific cause" informed the jury that they must agree on a particular, single, exclusive cause in order to answer "yes" to the causation question. It is possible that the jurors in this case could not agree on a specific cause, even though they might have agreed that Dr. Lerner's negligence was a substantial factor in causing injury. Instructing the jury in this manner resulted in a misstatement of the law regarding causation.

124

Because the supplemental instruction misstated the law regarding causation, we remand this case for a new trial on the question of liability.

*By the Court.*—Judgment reversed and cause remanded for a new trial.

FINE, J. (*dissenting*). I agree with the majority's analysis of waiver; I disagree, however, that we should exercise our discretionary power of review.

Section 752.35, STATS., permits us to review unobjected-to trial court errors in two circumstances only: when "the real controversy has not been fully tried," or if there has been a miscarriage of justice and if we "can conclude that a new trial would probably produce a different result." *Vollmer v. Luety*, 156 Wis. 2d 1, 27, 456 N.W.2d 797, 809 (1990) (Bablitch, J., concurring on behalf of six members of the court). We do not have the power to review unobjected-to trial court errors that go to the "integrity of the fact-finding process." *Ibid.*

Although we have the authority to review an unobjected-to but erroneous jury instruction under the "real controversy has not been tried" prong of § 752.35, STATS., which does not require that we also conclude that a new trial would most likely produce a different result, *Vollmer*, 156 Wis. 2d at 19–20, 456 N.W.2d at 805, this case extends that authority to those situations where the complaining party has *agreed* to the erroneous instruction.[1] I believe that this extension is unwarranted; in my view the Steinbergs are judicially

---

[1] Although the Steinbergs contend that they did not agree to the erroneous instruction, the trial court found that they did. The Majority opinion does not indicate how, or even if, that finding of fact is "clearly erroneous." Under our standard of

estopped from seeking a new trial because of the instruction. *See Coconate v. Schwanz*, 165 Wis. 2d 226, 231, 477 N.W.2d 74, 75 (Ct. App. 1991) (party may not assert "position in a legal proceeding that is inconsistent with a position previously asserted"); *see also Vollmer*, 156 Wis. 2d at 11, 456 N.W.2d at 802 (review of unobjected-to trial court errors might induce parties to "build in an error to ensure access to the appellate court"). I respectfully dissent.

review, therefore, we are bound by the trial court's finding. *See* RULE 805.17(2), STATS.