STATE of Wisconsin, Plaintiff-Respondent,†

v.

William E. DRAUGHON III, Defendant-Appellant.

Court of Appeals

*No. 2004AP1637–CR. Submitted on briefs April 14, 2005.
—Decided June 22, 2005.*

2005 WI App 162

(Also reported in 702 N.W.2d 412.)

† Petition to review denied 10-14-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven L. Miller* of *Miller & Miller*, River Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J. William E. Draughon III appeals from a judgment of conviction for sexual exploitation by a therapist, contrary to Wis. Stat. § 940.22(2) (2003–04),[1] and an order denying his motion for post-conviction relief. He contends that the circuit court improperly instructed the jury and that his counsel was ineffective in failing to object to the improper instruction. We agree that the jury instruction addressing Draughon's status as a "therapist" under § 940.22(1)(i) was error. Accordingly, we reverse and remand the matter for a new trial. Draughon further contends that his counsel was ineffective in the presentation of his defense and that he is entitled to a new trial in the interest of justice. We do not reach these issues because we reverse on other grounds.

## FACTS

¶ 2. In 1989, Draughon earned a bachelor of arts degree in evangelism from the World Evangelism Bible

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

College in Louisiana. He was ordained as a pastor for the Assemblies of God church in 1993. He came to Wisconsin in 2000 and became the pastor of a church. Later that year Draughon befriended and began socializing with two members of the church, one of whom would later become the complainant in the State's case against him.

¶ 3. In June 2001, the two church members began premarital counseling with Draughon. Draughon performed their marriage ceremony that July. Later in 2001, concerns arose about the husband's use of church computers to access pornography. The couple agreed to talk to Draughon about the problem, and they began counseling sessions which lasted approximately eight to ten weeks. During this time, Draughon gave the husband a book to read with worksheets to be completed after each chapter. Draughon and the husband also became "accountability partners" in a program called Promise Keepers, a movement where men meet to help each other deal with temptations and to hold each other accountable for their actions.

¶ 4. The couple also sought Draughon's help because of financial difficulties. Draughon suggested that the wife work one day per week in the church office to help ease the financial burden. She began working Wednesday afternoons, attending counseling sessions later in the afternoon and then staying for the Wednesday evening Bible study. The husband's attendance at counseling became sporadic and stopped altogether sometime in January 2002.

¶ 5. The wife described a change in the nature of her relationship with Draughon beginning in late January. She reported that Draughon repeatedly said he loved her, asked to hug her, and sent her flowers. Soon after Draughon said he loved her, the wife discovered

637

email messages that suggested her husband was having affairs with other women. On Draughon's advice, the wife confronted her husband about the email messages. The husband denied that they were true.

¶ 6. Draughon's relationship with the wife progressed. On February 9, 2002, Draughon and the wife had sexual contact in a room downstairs from the church office. This incident is the basis for the State's charge of sexual exploitation. Draughon admits that he had sexual contact with the complainant twice.

¶ 7. A jury found Draughon guilty, and the court sentenced him to a term of twelve years, with five years of confinement in prison followed by seven years of extended supervision. Draughon filed a motion for postconviction relief, and the circuit court denied his motion. Draughon appeals.

## DISCUSSION

¶ 8. Draughon frames his primary appellate issue as that of ineffective assistance of counsel. His argument rests on his trial counsel's failure to object to a jury instruction and to present corroborative witnesses to bolster the defense. Draughon alternatively contends that the real controversy has not been fully tried and requests a new trial pursuant to Wis. Stat. § 752.35. We begin our analysis with the contested jury instruction because it is dispositive.[2]

---

[2] We observe that Draughon did not object to the jury instruction when provided the opportunity by the circuit court. Draughon nonetheless raises his objection here under color of his ineffective assistance of counsel claim as well as his claim that the real controversy was not fully tried. Our review of a waived objection to a jury instruction is limited. *See Steinberg v. Jensen*, 204 Wis. 2d 115, 122 n.4, 553 N.W.2d 820 (Ct. App.

¶ 9. A trial court has broad discretion in deciding whether to give a particular jury instruction, and the court must exercise its discretion to "fully and fairly inform the jury of the rules of law applicable to the case and to assist the jury in making a reasonable analysis of the evidence." *State v. Coleman*, 206 Wis. 2d 199, 212, 556 N.W.2d 701 (1996) (citation omitted). However, we will independently review whether a jury instruction is appropriate under the specific facts of a given case. *State v. Groth*, 2002 WI App 299, ¶ 8, 258 Wis. 2d 889, 655 N.W.2d 163.

¶ 10. The State, by charging Draughon with sexual exploitation by a therapist, was required to prove that Draughon was or held himself out to be a therapist. *See* WIS. STAT. § 940.22(2). A therapist is a "physician, psychologist, social worker, marriage and family therapist, professional counselor, nurse, chemical dependency counselor, member of the clergy or other person, whether or not licensed or certified by the state,

---

1996). It is within our statutory discretion to review an allegedly deficient jury instruction when we are exercising our power to reverse the judgment under WIS. STAT. § 752.35. *Steinberg*, 204 Wis. 2d at 122 n.4. Section 752.35 states in relevant part:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment . . . regardless of whether the proper motion or objection appears in the record.

Also, a waived objection to a jury instruction can be "raised by way of an ineffective assistance of counsel claim." *See State v. Hayes*, 2004 WI 80, ¶ 114, 273 Wis. 2d 1, 681 N.W.2d 203 (Sykes, J., concurring). We therefore reach the merits of Draughon's arguments.

who performs or purports to perform psychotherapy." Sec. 940.22(1)(i). Draughon does not dispute that he is a member of the clergy but contends that the jury instruction improperly concluded that as a member of the clergy he was, ipso facto, a therapist. That, he argues, relieved the State of its burden to prove an element of the offense charged.

¶ 11. The circuit court based its jury instructions on WIS JI—CRIMINAL 1248, and stated in relevant part:

> Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following three elements were present.
>
> First, that the defendant was a therapist.
>
> Second, that the defendant had sexual contact with [the victim].
>
> Third, that the sexual contact occurred during an ongoing therapist-patient relationship.
>
> The first element requires that the defendant was a therapist. *Therapist means a person who performs psychotherapy.* Psychotherapy means the use of learning, conditioning methods and emotional reactions in a professional relationship to assist persons to modify feelings, attitudes and behaviors which are intellectually, socially or emotionally maladjustive or ineffectual. *It includes a member of the clergy.*
>
> . . . .
>
> If you are satisfied beyond a reasonable doubt that the defendant was a therapist, intentionally had sexual contact with [the victim], and that a therapist-patient relationship existed at the time of the sexual contact, you should find the defendant guilty. (Emphasis added.)

¶ 12. The jury instruction, in syllogistic fashion, presents two propositions: (1) therapists perform psychotherapy, and (2) therapists include members of the clergy. These propositions lead to the faulty conclusion that by definition, clergy members perform psychotherapy. A comment to Wis JI—Criminal 1248 provides, "The Committee concluded that the instruction would be more clear if it provided a general definition of the term ("a person providing psychotherapy services") and then provided for a statement, to be used where applicable, that one of the professions named in [Wis. Stat. § 940.22(1)(i)] is included in the definition." As demonstrated here, the instruction is problematic.

¶ 13. Jury instructions that have the effect of relieving the State of its burden of proving beyond a reasonable doubt every element of the offense charged are unconstitutional under the Fifth and Sixth Amendments. *State v. Harvey*, 2002 WI 93, ¶ 23, 254 Wis. 2d 442, 647 N.W.2d 189. The Fifth Amendment's due process guarantee protects "the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.*, ¶ 19 (citations omitted). The Sixth Amendment right of trial by jury in criminal cases includes the right to have the jury, rather than the judge, reach the requisite finding of guilt or innocence. *See State v. Peete*, 185 Wis. 2d 4, 19, 517 N.W.2d 149 (1994) ("Where the finder of fact is a jury, proof of all essential elements must be tendered to the jury.").

¶ 14. Upon rejecting Draughon's request for a new trial, the circuit court stated:

In my judgment, the instruction indicates that a member of the clergy is a "therapist" for purposes of this statute. In addition, the paragraph defining a therapist

641

as a person who performs psychotherapy simply reiterates at the end that a member of the clergy is a therapist. Both parties argued and the jury was asked to decide whether the defendant was performing psychotherapy under the terms of the statute. In my judgment, there was sufficient evidence upon which the jury could conclude that [Draughon] did so.

We will generally defer to the circuit court's determination as to whether sufficient evidence supports a jury verdict, but that is not the issue before us. We are not reviewing whether the jury could have decided that Draughon practiced psychotherapy, but rather whether the jury had the opportunity to so decide. Here, the instruction given never directed the jury to make an independent, beyond-a-reasonable-doubt decision as to whether Draughon performed or purported to perform psychotherapy. Because this finding was a required element of the charge, its omission is constitutional error. *See Harvey*, 254 Wis. 2d 442, ¶ 33.

¶ 15. The question remains whether Draughon's conviction can stand because the error was harmless. *See id.*, ¶ 44. "A constitutional or other error is harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.' " *Id.*, ¶ 49 (citation omitted).

¶ 16. The State contends that there is "no reasonable likelihood that the jury understood the instruction to mean that a member of the clergy was a 'therapist' under the statute regardless of whether he or she performed psychotherapy." It argues that a challenged jury instruction must be viewed in the context of other instructions given, the allegations in the complaint, the opening statements and closing arguments, and the record. *See Resnover v. Pearson*, 965 F.2d 1453, 1463

(7th Cir. 1992). It observes that the instruction made it clear to the jury "that sexual exploitation by a therapist was not established simply by showing that a member of the clergy had sexual contact with a member of his or her congregation. Rather, there had to be a therapist/*patient* relationship." Furthermore, the State points out that both parties referenced the importance of psychotherapy in their closing arguments: the State told the jury it had to determine that Draughon engaged in psychotherapy in order to be a therapist under the statute; Draughon argued that he was the victim's pastor but not a psychotherapist.

¶ 17. The State's argument does not diminish our concern about the impact of the error on the verdict. The issue of whether Draughon practiced or purported to practice psychotherapy was a key dispute between the parties. The contestability of an element goes to whether the instructional error was harmless. *See Harvey*, 254 Wis. 2d 442, ¶ 33 ("The incontestability of [a fact] goes to whether the error was harmless, not whether there was constitutional instructional error in the first place.").

¶ 18. Draughon conceded two key factors in the State's case: (1) that the sexual contact occurred, and (2) that he was a member of the clergy. His defense essentially rested on whether he practiced psychotherapy and therefore met the statutory definition of a therapist and, if so, whether the sexual contact occurred during a therapist/patient relationship. The improper instruction, therefore, particularly affected Draughon's ability to present his defense. A judgment should be reversed unless we can be sure that the error did not contribute to the conviction. *See State v. Dyess*, 124 Wis. 2d 525, 547, 370 N.W.2d 222 (1985). Our

review of the record affords us no such assurance. Consequently, we cannot conclude the error was harmless.

¶ 19. While pattern jury instructions are not precedential, they do carry persuasive authority for interpreting statutes. *State v. Rardon*, 185 Wis. 2d 701, 706, 518 N.W.2d 330 (Ct. App. 1994). An instruction must, however, be designed for the lay people on a jury; in other words, instructions must accurately and clearly state the law. *Nommensen v. American Cont'l Ins. Co.*, 2001 WI 112, ¶ 55, 246 Wis. 2d 132, 629 N.W.2d 301. Here, the pattern jury instruction does not direct the jury to make a finding that a defendant practiced or purported to practice psychotherapy prior to concluding a defendant was a "therapist" under WIS. STAT. § 940.22(1)(i). We observe that the problem may be resolved by eliminating the statement, "It includes a member of the clergy [or other profession]." In the alternative, the problem may be resolved by revising the statement as follows: "It includes a member of the clergy [or other profession] who practices or purports to practice psychotherapy." We respectfully request that the Wisconsin Criminal Jury Instructions Committee revisit WIS JI—CRIMINAL 1248, particularly the language at issue in this case.

¶ 20. Draughon raises additional issues on appeal; however, because we hold that he is entitled to a new trial, we need not address his remaining arguments.

## CONCLUSION

¶ 21. We conclude that the circuit court's instruction to the jury relieved the State of its burden of proving beyond a reasonable doubt that Draughon was

a therapist as defined by WIS. STAT. § 940.22(1)(i), and therefore the instruction was unconstitutional under the Fifth and Sixth Amendments. *See Harvey*, 254 Wis. 2d 442, ¶ 23. Further, we conclude that the error was not harmless because it is not clear beyond a reasonable doubt that the jury would have found Draughon guilty absent the error. *Id.*, ¶ 49. We hold that Draughon is entitled to a new trial.

*By the Court.*—Judgment and order reversed and cause remanded with directions.